Mead *et al.*, Respondents, v. Brotherton, Appellant.

1. Instructions are calculated to mislead and are erroneous which place the case before the jury upon a portion of the facts only, and which, in effect, restrict the issue, and exclude from the consideration of the jury questions that must be passed upon.

*Appeal from St. Louis Court of Common Pleas.*

*Cline & Jamison*, for appellant.

*S. H. Gardner*, for respondents.

Ewing, Judge, delivered the opinion of the court.

This was an action to recover the sum of four hundred dollars, alleged to be due for a gold watch sold to the appellant. The only question arising upon the pleadings and evidence in the cause was whether the witness, one C. H. Pond, who purchased the watch in question, bought it on his own

account and upon his own credit, or as the agent of, and upon the credit of, appellant.

Several instructions were asked by the appellant, all of which were refused, and properly so, we think, because the three first especially present the single hypothesis of an agreement between the appellant and Pond, which, if found by the jury, exonerated the appellant from liability, although such agreement may not have been brought to the knowledge of the respondents, and, by thus restricting the issue, excluded from the consideration of the jury the question whether Pond, in purchasing the watch, acted as the appellant's agent and bought it on his credit.

The other instructions, four and five, were also erroneous; for if the contract for the watch was made by the respondents, plaintiffs below, with Pond as the agent of the appellant, and the credit was given to the latter, still it was a contract with the appellant by which he was bound; yet, under these instructions, the jury were not at liberty so to view the transaction.

The law applicable to the case upon the evidence was presented to the jury in the instructions given by the court.

The judgment will be affirmed; Judge Scott concurring. Judge Napton absent.