SHEEDY v. STREETER, *Plaintiff in Error.*

1. **Trials**: INSTRUCTIONS: PROMISSORY NOTES: INDORSER. Instructions should be predicated upon all the material evidence in the case.

In a suit against an accommodation indorser of a promissory note, the defense set up was that the indorsement was obtained by means of a representation and promise to the indorser, by the plaintiff, that he was in possession of certain securities belonging to the maker of the note, with which to secure the note, and that, in case of the maker's failure to pay the same, the securities should be turned over to the indorser for his indemnification; and that defendant had tendered to plaintiff the amount of the note, and demanded the securities, which had been refused. There was evidence that one of the securities had come to the possession of defendant as a member of a partnership, to secure a loan by the firm to the maker of the note, and that the other securities had come to his possession, as one of the assignees, under an assignment by the maker for the benefit of his creditors. *Held*, that as such possession of the securities would confer no right on the defendant to use them for his individual benefit in the payment of the note, instruc-

tions which directed the attention of the jury to the naked question, whether or not the securities had been received by the defendant, ignoring the capacity in which and the object for which he had received the same, were calculated to mislead, and were erroneous.

2. ———: EVIDENCE: INDORSER. Where it was part of the defense of an indorser of a note, that he was induced to make the indorsement by plaintiff's promise to deliver certain securities for his indemnification, his testimony that he had never before indorsed the paper of the maker, and would not then have done so unless he had felt amply secured by the collaterals, was held to be competent as tending to prove the defense.

*Error to Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

REVERSED.

*McClure & Humphrey, Bryant & Holmes* and *Botsford & Williams* for plaintiff in error.

*J. E. Merryman, Jas. F. Mister* and *F. M. Black* for defendant in error.

NORTON, J.—The petition charges that, on the 28th day of August, 1871, one R. S. Miller made his promissory note to the order of James Streeter, S. M. Strickler and A. W. Callen, for the sum of $5,000, payable in sixty days from the date thereof; that afterwards, for a valuable consideration, said Streeter, Strickler and Callen indorsed and delivered said note to Eph. Warner, and he to J. R. McClure, who in turn, for a valuable consideration, indorsed and delivered the same to the plaintiff, Dennis Sheedy. It charges Streeter with a liability on said note as a commercial indorser. Streeter, in answer, alleges that he did not indorse said note for value; that he was a mere accommodation indorser thereon; and that to induce him to indorse his name on said note Sheedy represented to him that he (Sheedy) had in his possession $12,000 or $13,000 worth of securities belonging to Miller with which to secure said debt, and which, in case said Miller failed to pay the note

at maturity, and he (Streeter) became liable to pay the same, he would deliver to him as an indemnity; that Miller failed to pay said note; that Streeter offered to pay said note upon the delivery to him of said valuable securities of Miller's, so promised, which Sheedy refused to do. Sheedy, in his reply, specifically denies these allegations.

On the trial of the cause plaintiff obtained judgment, and defendant's motion for a new trial being overruled, he brings the case here by writ of error. The principal errors assigned are that the court erred in refusing proper, and giving improper instructions, and in rejecting evidence offered by defendant. The instructions given on behalf of plaintiff and objected to, are as follows: 2. "It is admitted that R. S. Miller executed the note sued on to Strickler, Streeter and Callen, and that they indorsed the same, together with Warner and McClure, and that the same was delivered to the plaintiff, and if the jury believe from the testimony that said note on the 30th day of October, 1871, was delivered by the plaintiff to G. B. Duy, a notary public, for the purpose of demanding payment of the same from said Miller, and that on that day the banking house of R. S. Miller was closed, and that said notary did demand payment of R. S. Miller, which payment was refused, and that defendant, James Streeter, had notice of the non-payment and protest of said note, as testified to by G. B. Duy, then you should find for the plaintiff, unless you shall, from all the evidence, believe that defendant indorsed said note for the accommodation of said Miller, and that plaintiff agreed with defendant that he (plaintiff) would, in case Miller failed to pay the said note when the same became due, deliver to said defendant the alleged collaterals, and that plaintiff failed to deliver such collaterals to the defendant, and defendant did not get such collaterals."

The instructions asked by defendant and refused, which we deem material to consider, are as follows: 5. "If the proof in this case shows the defendant indorsed the note

sued upon under an agreement with the plaintiff that upon failure of the maker, R. S. Miller, to pay the note when it became due, he, the said plaintiff, would transfer and deliver to the defendant notes and mortgages to indemnify him, the said defendant, as indorser, it was incumbent upon said plaintiff to tender and deliver to said defendant, after said note became due and the refusal of Miller to pay the same, the said notes and mortgages, and if he failed, neglected or refused to do so, he, the said plaintiff, cannot recover in this action."

8  " If the jury believe from the evidence that the plaintiff stated to the defendant that he held notes and mortgages of R. S. Miller, the maker of the note sued on, which he (Sheedy) agreed to turn over and transfer to the said defendant to indemnify him for his indorsement in the event of Miller's failure to pay the note sued upon, when it became due; and if, before said note became due, Miller made an assignment of his property under the insolvent laws of the State of Kansas, for the benefit of his creditors; and if the assignees found as part of his assets the notes and mortgages, or any portion thereof, assigned and delivered to them, which Sheedy stated at the time of defendant's indorsement of the note he held, and would turn over to defendant, as before stated, the assignees have no legal right to withdraw such notes and mortgages from the estate of Miller, and use them for the purpose of indemnifying or protecting the defendant on his indorsement of the note sued upon."

We are of the opinion that the court erred in giving the second instruction for plaintiff, and in refusing to give the fifth and eighth asked by defendant. The evidence offered by defendant tended to show that he was induced to indorse the note made by Miller by the representations of plaintiff, that he (the plaintiff) held securities of Miller amounting to $12,000 or $13,000, to secure the debt, which he would turn over and deliver to defendant in the event that Miller failed to pay the note

1. TRIALS: instructions: promissory notes: indorser.

when due; that Miller failed in business before the maturity of the note and failed to pay it; that defendant tendered to plaintiff the amount of the note and demanded the securities, which he refused to deliver. The evidence also tends to show that the said securities or collaterals held by plaintiff were delivered by him to Miller on the same day that defendant indorsed the note, but after its indorsement; that sixteen days after the execution of the note by Miller as maker, and the indorsement of it by defendant, and forty odd days before its maturity, Miller made a voluntary assignment to defendant Streeter, S. M. Strickler and J. R. McClure, for the benefit of all his creditors, under which all the said collaterals which had been previously delivered by plaintiff to Miller came into the hands of said assignees as trust property, except one note of one C. H. Miller for $4,000, secured by mortgage, which had been previously pledged by said R. S. Miller to secure a loan from the firm of Streeter & Co., of which firm plaintiff was a member.

Under the second instruction given for plaintiff, if the jury believed that the collaterals were received by defendant as one of the assignees in the voluntary assignment made by Miller for the benefit of all his creditors, they were authorized by it to find for plaintiff, notwithstanding they might also have believed that plaintiff agreed with defendant that he (plaintiff) would, in case Miller failed to pay the note when it became due, deliver to defendant the collaterals, and that plaintiff had failed and refused to deliver them according to such agreement. The vice of the second instruction consists in the following words at the close of it, " and defendant did not get such collaterals." If the facts were, as the evidence tends to show, that Sheedy, the plaintiff, in violation of his agreement with defendant to deliver to him the said collaterals in the event of Miller's failure to pay, delivered the said collaterals to Miller, and that they subsequently came into the possession of defendant by virtue of the deed of assignment made by

Miller, and by reason of said Miller having pledged one of the said collaterals to secure a loan from the banking house of Streeter & Co., of which defendant was a member, such possession so obtained conferred no right on defendant to use the proceeds of such collaterals to his own indemnification by applying them to the payment of the note indorsed by defendant; and for the reason that under the said second instruction, if the jury believed defendant got the collaterals, as above stated, they were authorized to find for plaintiff, notwithstanding they might have believed all the other facts in regard to the agreement between plaintiff and defendant, the instructions ought to have been refused, and the fifth and eighth instructions, as asked by defendant, which were refused, ought to have been given. The modification by the court of defendant's fifth instruction by adding to it the words " and defendant never received the same," injected into it the same vice contained in the second instruction of plaintiff, and was calculated to mislead the jury. Instructions should be predicated upon the whole case and take in all the evidence. *First National Bank of Warsaw v. Currie*, 44 Mo. 91; *Sawyer v. Han. & St. Jo. R. R. Co.*, 37 Mo. 241; *Mead v. Brotherton*, 30 Mo. 201.

It is further objected that the court erred in refusing to allow defendant to state, while testifying, that he had

2. ———: evidence: never before indorsed Miller's paper, and indorser. would not then have indorsed the note unless he had felt amply secured by the collaterals. As it was incumbent on defendant to show that the promise by plaintiff to deliver the collaterals to defendant induced him to indorse the note, and as the above statement tended to show that, we can perceive no good reason for its rejection. Judgment reversed and cause remanded, in which all concur.