MINTEER, WILLIAMS & MINTEER, Respondents, v.
M. R. JENKINS, Appellant.

Kansas City Court of Appeals, March 7, 1921.

**INSTRUCTIONS:** Omission of Matter of Defense from Plaintiff's Instructions is not Error Where the Matter was Fully Covered in Defendant's Instructions. In an action to recover the value of certain awnings sold and delivered, an instruction for plaintiff purporting to cover the entire case and directing a verdict is not erroneous in that it omitted an element of defense, the question of the cancellation of the order for the awnings, because the objection to said instruction was cured by the giving on behalf of defendant proper instructions covering such matters of defense.

Appeal from the Circuit Court of Livingston County.—
*Hon, Arch B. Davis,* Judge.

AFFIRMED.

*Schmitz & Marshall* for respondent.

206 M. A.,—41

*Thos. Hicklin,* and *Scott J. Miller* for appellant

ARNOLD, J.—Plaintiff filed suit in the circuit court of Livingston county against defendant to recover the value of certain awnings ordered by defendant and delivered by plaintiff at the residence of the former in the City of Chillicothe.

Plaintiff, a partnership consisting of J. C. Minteer, R. L. Williams and H. W. Minteer, is engaged in the hardware business in Chillicothe. One evening in the latter part of May, 1919, H. W. Minteer, his wife and one Mable Grace were in the home of defendant. There was present also Mrs. Louise Kinney, a daughter of defendant who, at the time, lived in her father's house as a menmber of his family. Defendant, who is quite deaf, also was present on the occasion in question. The daughter, Mrs. Kinney in the presence of the group there in the house, asked her father if it would be all right for her to order the awnings for the house, referring to the facts that Mr. Minteer was then present. To this inquiry defendant is alleged to have replied "Yes." The order for the awnings was then given to Mr. Minteer by Mrs. Kinney who afterwards selected from samples the material for the same, directed plaintiff in the measurement of the porches, and windows of the house, and instructed him to have the awnings made. Plaintiff ordered the awnings made by some firm not a resident of Chillicothe and, after some delay, the awnings were delivered, about August 4, 1919, at the residence of defendant. It is alleged the awnings would not fit any house other than the one for which they were especially made.

Plaintiff's second amended petition, upon which the case went to trial, alleges that the awnings were ordered and delivered and that defendant had neglected and refused to pay for them. The answer denies that he ordered the awnings and states that if they were ordered through another person, the order was afterwards cancelled. The reply was a general denial of defendant's

answer.   The suit, on the issue thus joined, was tried and
resulted in a verdict for plaintiff in the sum of $125, and
the case is here on the appeal of defendant.

Objection is made to plaintiff's instruction "A" in
that it purported to cover the entire case and direct a
verdict and that it omitted an element of the defense, to-
wit: the question of the cancellation of the order for the
awnings.   Plaintiff contends that the question of cancel-
lation was set forth in defendant's instructions 1, 3 and
5, and that the cancellation of the order was not an ele-
ment of plaintiff's case.

There is a long line of decisions holding that the giv-
ing of an instruction on the part of the plaintiff, purport-
ing to cover the whole case and directing a verdict, which
ignores matters of defense properly raised by defendant
is improper unless the defect is cured by the giving, on
behalf of defendant, of proper instructions covering such
matters of defense.   Judge SCOTT, in Clark v. Hammerle,
27 Mo. 1. c. 70-71, announced that "in the trial of causes
neither party is bound to ask instructions.   If they
are not asked, the giving of them is at the discretion
of the court.   If instructions are asked on the whole
case or of any particular matter arising out of it, which
the court refuses, it is not bound afterwards to give in-
structions of its own as substitutes for those refused.
*   *   *   A party, therefore, who asks an instruction on
the whole case must not frame it so as to exclude from
the consideration of the jury points raised by the evi-
dence of his adversary."

This doctrine has been affirmed and is the doctrine
today.   Of this decision in the Clark-Hammerle case,
GRAVES, J., (quoting Judge LAMM), says, in Wingfield
v. Railroad, 257 Mo. 347, 166 S. W. 1041: "It runs,
however, hand in glove with another so qualifying it as
to make it a useable rule in working out the practical
administration of justice in concrete cases, viz., that the
mere pretermission in plaintiff's instruction of an ele-
ment in defendant's case (a part and parcel of the defense
interposed) may not work reversible error if that very

element is plainly and effectually put to the jury in other instructions on either side in such form as not to cause confusing contradiction between instructions, but rather to make more specific, in, say, defendants' instructions, a matter that was dealt with in general form in plaintiff's.'' For the evolution of this doctrine and its application in concrete cases, Judge Graves cites: Mead v. Brotherton, 30 Mo. 201; Sawyer v. Railway Co., 37 Mo. l. c. 263; Fitzgerald v. Hayward, 50 Mo. l. c. 523; Owens v. Railways, 95 Mo. l. c. 181. ''But it will be observed,'' he continues, ''that neither in the principal opinion in the Owens case nor the dissenting opinion in the Sullivan case (88 Mo. 169) was the doctrine in the Clark-Hammerle case exploded. To the contrary, it was left to stand and run with the qualification that if the whole body of the law delivered to the jury put the case in correct form, then all essentials to recovery, or to the defense, need not appear in one instruction'' [Citing Gordon v. Burris, 153 Mo. l. c. 232; Gibler v. R. R. Association, 203 Mo. l. c. 222; Stauffer v. Railroad, 243 Mo. 332-333, and a long line of other decisions, upholding the same principle.]

Under the laws of this State to entitle a plaintiff to recover he is required: (1) To state in his petition the facts which are necessary to constitute his cause of action. (2) to prove those facts by a preponderance of the evidence introduced, and (3) to submit those facts, and those alone, to the jury under proper instructions. If plaintiff asks instructions embracing all the elements in his case and there is evidence tending to prove same, then he need not include in his instructions matter covering defendant's allegations.

This court has repeatedly held to the principle of law above enunciated. In Davis v. Railway Company, 182 S. W. 827, this court, speaking through Ellison, P. J. J. said: ''But, conceding that the instruction should have embodied such defensive theory, it was cured by defendant's instruction D, which stated that, if the jury found such . . . to be a defense, and directed that if the

jury found that to be a fact, to return a verdict on the first count.' The decisions of the Supreme Court to this effect are collated and discussed in Holman v. City, of Macon, 177 S. W. 1078."

In Hoagland v. Railways Company, 209 S. W. 569, a later case decided by this court, it is said: "Where plaintiff's instruction omits some feature which is not an element of his cause of action but is merely a defensive feature, the omission may be cured by the instructions for defendant submitting that feature. [Owens v. Railway Co., 95 Mo. 169, 8 S. W. 350, and others.] But where the omission is a necessary element or a principal feature of plaintiff's case, then the inclusion thereof in defendant's instruction cannot cure it."

Applying these principles of law to the case at bar, we conclude the trial court committed no error in giving plaintiff's instruction A, and that defendant's theory of the case was fully covered in instructions submitted to the jury in his behalf. In our opinion, the instructions, as a whole, properly covered the case and were not calculated to confuse or mislead the jury.

The judgment is affirmed. All concur.