THE STATE ex rel. M. R. JENKINS v. FRANCIS H. TRIMBLE et al., Judges of Kansas City Court of Appeals.

In Banc, December 30, 1921.

1. **CONFLICT IN DECISIONS: Instructions: Misapplication by Court of Appeals to Facts of Case.** A misapplication by the Court of Appeals of a rule relating to instructions announced in a prior decision of the Supreme Court, where the facts relating to the instructions in the given case are not analogous to those in the case before the Supreme Court, does not authorize a quashing of the opinion of the Court of Appeals on the ground of conflict in decisions.

2. **INSTRUCTIONS: Ignoring Defenses: Ruling of Court of Appeals.** An instruction for plaintiff, which undertakes to cover the whole case and which omits any reference to the defense, is not erroneous, if it and those given for defendant fully present the whole law of the case. It is only when no instructions at all are given for defendant, or when none of those given fairly embrace the defenses, that the instructions for plaintiff which omit the defenses are erroneous. [Distinguishing Clark v. Hammerle, 27 Mo. l. c. 70.]

3. ———: ———: **Cured by Defendant's: True Rule: Sales: Countermanded Order: Omission: Conflict.** The true rule is that where the plaintiff's instruction omits some feature which is not an element of his cause of action, but is an element of the defenses set up in the answer, the omission is cured by instructions given for defendant which include that feature. Where plaintiff sued for the value of goods which he claims defendant authorized his daughter to order, and defendant in his answer denied that he authorized the purchase and averred that he promptly and before delivery countermanded the unauthorized order, and the instruction for plaintiff covered every fact necessary for him to recover, but omitted all reference to the countermand, and

State ex rel. Jenkins v. Trimble.

the instructions given for defendant directed the jury to return a verdict for defendant if they found either defense to be true, the omission of the defenses in plaintiff's instruction was supplied by those given for defendant, and the instructions as a whole covered the whole case, and the one given for plaintiff and those given for defendant were not inconsistent or contradictory; and the opinion of the Court of Appeals holding that the jury were fully instructed and no error was committed in the giving of instructions did not contravene the decision of the Supreme Court in Wingfield v. Wabash Railroad Co., 257 Mo. 347, or State ex rel. Long v. Ellison, 272 Mo. l. c. 583.

*Held*, by JAMES T. BLAIR, C. J., dissenting, with whom WALKER, J., concurs, that the instructions were contradictory in that the one given for plaintiff authorized a verdict for him if the jury found (1) that the defendant's daughter ordered the goods upon his authority and (2) that plaintiff as a result of said order, delivered the goods to defendant, thus ignoring the defense that the order had been countermanded before plaintiff did any work toward filling the order, and the instruction for defendant told the jury that such a countermanding of the order was a complete defense. Thus the instructions were palpably contradictory, since the one for plaintiff clearly excluded the defense that the order had been promptly countermanded, and being contradictory the decision of the Court of Appeals holding otherwise is in conflict with many decisions of the Supreme Court.

4. ———: ———: **Omission of Necessary Element: Supplied by Defendant's: Contradictory.** If the instruction given for plaintiff which attempts to cover the whole case omits any element necessary to a recovery by plaintiff, that element is not supplied by instructions given for defendant, and that is the ruling in State ex rel. Long v. Ellison, 272 Mo. l. c. 583; but that rule is not applicable where the instruction given for plaintiff included every element necessary for plaintiff's recovery, and was defective only in that it omitted defenses pleaded and those defenses are fully and fairly set forth in the instructions given for defendant.

*Held*, by JAMES T. BLAIR, C. J., with whom WALKER, J., concurs, that said rule is not applicable where the instructions are contradictory; and that if the instruction given for plaintiff excludes a pleaded defense which, if true, absolutely bars a recovery, and that defense is set forth in the instruction given for defendant, they are contradictory.

*Certiorari.*

Writ quashed.

*Thomas H. Hicklin* and *Scott J. Miller* for relator.

The opinion of the Court of Appeals holding that the error in plaintiff's instruction "A" was cured by the giving of defendant's instructions 1, 3, and 5, and holding that said instruction "A" was not in conflict with defendant's instructions 1, 3 and 5, is in conflict with the last controlling decisions of this court and in conflict with the general trend of the decisions of this court. Wingfield v. Wabash Ry. Co., 257 Mo. 347; State ex rel. v. Ellison, 272 Mo. 571, 583; Clark v. Hammerle, 27 Mo. 55, 70.

*Schmitz & Marshall* for respondents.

(1) The only issue before the court in this proceeding is whether or not the decision of the Court of Appeals conflicts with the prior decision of this court. State ex rel. Commonwealth Trust Co. v. Reynolds, 213 S. W. 804, 809. (2) The decision of the Court of Appeals in this case is not in conflict with the prior decisions of this court. (3) The decision of the Court of Appeals is in strict accord with the last decision of the Supreme Court involving the question at issue. Stack v. General Baking Company, 223 S. W. 89, 98. (4) The decision of the Court of Appeals is also in harmony with earlier decisions of the Supreme Court. Schroeder v. Michel, 98 Mo. 48; Meadows v. Life Ins. Co., 129 Mo. 97.

ELDER, J.—*Certiorari* to quash judgment of the Kansas City Court of Appeals.

Relator seeks by writ of *certiorari* to quash a judgment rendered by the Kansas City Court of Appeals affirming a judgment for $125 entered by the Circuit Court of Livingston County, in an action brought by the firm of Minteer, Williams & Minteer against M. R. Jenkins (relator herein) to recover the value of certain awnings ordered by relator and delivered by the afore-

said firm at the residence of relator in the city of Chillicothe.

The evidentiary facts in the case are thus stated in the opinion of the Court of Appeals:

"Plaintiff, a partnership consisting of J. C. Minteer, R. L. Williams and H. W. Minteer, is engaged in the hardware business in Chillicothe. One evening in the latter part of May, 1919, H. W. Minteer, his wife and one Mable Grace were in the home of the defendant. There were present also Mrs. Louise Kinney, a daughter of defendant, who, at the time, lived in her father's house as a member of his family. Defendant, who is quite deaf, also was present on the occasion in question. The daughter, Mrs. Kinney, in the presence of the group there in the house, asked her father if it would be all right for her to order the awnings for the house, referring to the fact that Mr. Minteer was then present. To this inquiry defendant is alleged to have replied 'Yes.' The order for the awnings was then given to Mr. Minteer by Mrs. Kinney, who afterwards selected from samples the material for the same, directed plaintiff in the measurement of the porches and windows of the house and instructed him to have the awnings made. Plaintiff ordered the awnings made by some firm not a resident of Chillicothe, and after some delay the awnings were delivered, about August 4, 1919, at the residence of the defendant. It is alleged the awnings would not fit any house other than the one for which they were especially made."

The pleadings are referred to by the Court of Appeals as follows:

"Plaintiff's second amended petition, upon which the case went to trial, alleges that the awnings were ordered and delivered and that defendant had neglected and refused to pay for them. The answer denies that he ordered the awnings, and states that if they were ordered through another person the order was afterwards cancelled. The reply was a general denial of defendant's answer."

I. Relator contends that instruction "A," given by the trial court on behalf of plaintiffs, ignored the defense set up by relator in his answer, viz., the question of relator having countermanded the order **Instructions.** for the awnings, and that the error of such omission was not cured by instructions 1, 3 and 5 given for relator. Relator insists that the holding of the Court of Appeals that no error was committed in giving instruction "A" and that relator's theory of the case was fully covered by his instructions 1, 3 and 5, is in conflict with three certain decisions of this court. This alleged conflict we shall discuss later. Before doing so, however, we set out the four instructions in dispute, referred to in the opinion of the Court of Appeals.

Instruction "A" given for plaintiffs was as follows:

"A—The court instructs the jury that if you believe and find from the evidence that the defendant, M. R. Jenkins, in the spring of 1919, in the presence of H. W. Minteer, a member of the plaintiff partnership, authorized his daughter, Louise Jenkins Kinney, to order awnings for his home situated in the city of Chillicothe, Livingston County, Missouri, and that upon said authorization the said Louise Jenkins placed an order with the plaintiff partnership, Minteer, Williams & Minteer, for such awnings, and that in the month of August, 1919, as a result of said order, said awnings were delivered to the defendant, M. R. Jenkins, in the city of Chillicothe, Missouri, then your verdict will be for the plaintiff in such sum as you find to be the reasonable value of said awnings at the date of the order and delivery, not exceeding the sum of one hundred and twenty-five dollars, together with interest at six per cent on such sum as you may find to be the reasonable value of said awnings at the date of the order and delivery thereof, from the date of demand of payment thereof, if you find that such demand was made by the plaintiff upon the defendant."

Instructions 1, 3, and 5 given for relator were as follows:

"1. The court instructs the jury that it devolves upon the plaintiff to prove that the defendant authorized Mrs. Kinney to order the awnings; and if you believe that the defendant is hard of hearing and did not understand that she ws asking for authority to order awnings from the plaintiff and did afterwards notify one of the plaintiffs that he did not order the same and did not want them, then you will find for the defendant, although you may believe that the plaintiff ordered said awnings and had them specially made to fit the windows of defendant's house.

"3. The court instructs the jury that the defendant had a right at any time before the plaintiff had incurred expense having the awnings made especially for defendant's house, to countermand the order, if he made it; if you believe he did countermand said order, then you will find for the defendant.

"5. The court instructs the jury that the defendant is not bound by any order given by anyone than himself to plaintiff, unless said order was given by his authority and permission or was given in his presence and sanctioned and ratified by him with a full knowledge that the order was being made. And, although you may believe that Mrs. Kinney, defendant's daughter, gave plaintiffs the order, and if you further believe that he notified one of the plaintiffs who was measuring for the awnings, if you believe he did, that he did not order them and would not take them, then you will find for the defendant."

With reference to these instructions the Court of Appeals, in its opinion, has the following to say:

"Objection is made to plaintiff's Instruction 'A' in that it purported to cover the entire case and direct a verdict and that it omitted an element of the defense, to-wit, the question of the cancellation of the order for the awnings. Plaintiff contends that the question of cancellation was set forth in defendant's instructions 1, 3 and 5 and that the cancellation of the order was not an element of plaintiff's case.

"There is a long line of decisions holding that the giving of an instruction on the part of the plaintiff, purporting to cover the whole case and directing a verdict, with ignores matters of defense properly raised by defendant is improper, unless the defect is cured by the giving, on behalf of defendant, of proper instructions covering such matters of defense. SCOTT, J., in Clark v. Hammerle, 27 Mo. l. c. 70-71, announced that 'in the trial of causes neither party is bound to ask instructions. If they are not asked, the giving of them is at the discretion of the court. If instructions are asked on the whole case or of any particular matter arising out of it, which the court refuses, it is not bound afterwards to give instructions of its own as substitutes for those refused. A party, therefore, who asks an instruction on the whole case must not frame it so as to exclude from the consideration of the jury points raised by the evidence of his adversary.'

"This doctrine has been affirmed and is the doctrine to-day. Of this decision in the Clark-Hammerle case, GRAVES, J., (quoting LAMM, J.), says in Wingfield v. Railroad, 257 Mo. 347, 166 S. W. 1041: 'It runs, however, hand in glove without another so qualifying it as to make it a useable rule in working out the practical administration of justice in concrete cases, viz., that the mere pretermission in plaintiff's instruction of an element in defendant's case (a part and parcel of the defense interposed) may not work reversible error if that very element is plainly and effectually put to the jury in other instructions on either side in such form as not to cause confusing contradiction between instructions, but rather to make more specific, in, say, defendant's instructions, a matter that was dealt with in general form in plaintiff's.' For the evolution of this doctrine and its application in concrete cases, Judge GRAVES cites: Mead v. Brotherton, 30 Mo. 201; Sawyer v. Railway Co., 37 Mo. l. c. 263; Fitzgerald v. Hayward, 5 Mo. l. c. 523; Owens v. Railway, 95 Mo. l. c. 181. 'But it will be observed,' he continues, 'that neither in the principal opin-

ion in the Owens Case, nor in the dissenting opinion in the Sullivan Case (88 Mo. 169), was the doctrine in the Clark-Hammerle Case exploded. To the contrary it was left to stand and run with the qualifications that if the whole body of the law, delivered to the jury put the case in correct form, then all essentials to recovery or to the defense, need not appear in one instruction.' Citing Gorgone v. Burris, 153 Mo. l. c. 232; Gibler v. Railroad Association, 203 Mo. l. c. 222; Stauffer v. Railroad, 243 Mo. 332-333, and a long line of other decisions, upholding the same principle.

"Under the laws of this State to entitle a plaintiff to recover, he is required: (1) To state in his petition the facts which are necessary to constitute his cause of action; (2) to prove those facts by the preponderance of the evidence introduced, and (3) to submit those facts, and those alone, to the jury under proper instructions. If plaintiff asks instruction embracing all the elements in his case and there is evidence tending to prove same, then he need not include in his instructions matter covering defendant's allegations.

"This court has repeatedly held to the principle of law above enunciated. In Davis v. Railway Company, 182 S. W. 827, this court speaking through ELLISON, J., said: 'But conceding that the instruction should have embodied such defensive theory, it was cured by defendant's instruction D., which stated that, "if the jury found such . . . to be a defense and directed that, if the jury found that to be a fact, to return a verdict on the first count." The decisions of the Supreme Court to this effect are collated and discussed in Holman v. City of Macon, 177 S. W. 1078.'

"In Hoagland v. Railway Company, 209 S. W. 569, a later case decided by this court, it is said: 'Where plaintiff's instruction omits some feature which is not an element of his cause of action, but is merely a defensive feature, the omission may be cured by the instructions for defendant submitting that feature. [Owens v. Railway Co., 95 Mo. 169, 8 S. W. 350, and others.]

But where the omission is a necessary element or a principal feature of plaintiff's case, then the inclusion thereof in defendant's instruction cannot cure it.'

"Applying those principles of law to the case at bar, we conclude the trial court committed no error in giving plaintiff's Instruction A. and that defendant's theory of the case was fully covered in instructions submitted to the jury in his behalf. In our opinion, the instructions as a whole properly covered the case and were not calculated to confuse or mislead the jury."

II.   The decisions of this court with which relator contends the opinion of the Court of Appeals is in conflict are Clark v. Hammerle, 27 Mo. l. c. 70, 71; Wingfield v. Wabash Railroad Co., 257 Mo. 347; and State ex rel. Long v. Ellison, 272 Mo. l. c. 583.

*Instructions: Defendant's Case.*

The case of Clark v. Hammerle, supra, might aptly be called the pioneer in establishing the general rule that a party "who asks an instruction on the whole case must not frame it so as to exclude from the consideration of the jury the points raised by the evidence of his adversary." Taking this bare principle, standing alone, it would seem to land color to relator's contention. But, applying it to the instant case, in the light of the facts in the Clark Case wherein it was announced, it has no relevancy. In the Clark Case, so far as the opinion discloses, no instruction was given for defendants touching the facts and law covered by their defense. Several instructions asked were refused. The holding of the court was in effect that when a plaintiff requests an instruction which purports to cover the whole case and omits a question raised by the defense, and the defendant does not cover the same in his instructions, then the case has not been properly submitted to the jury. Comparing this situation with the case at bar, we find that here relator's defense was fully presented by the three instructions given in his behalf. Accordingly, the Clark Case, being so dissimilar on the facts, cannot

be said to be controlling. That the Court of Appeals was thoroughly cognizant of the rule laid down in the Clark Case is patent from the fact that the same is quoted by it *verbatim*. But, when it came to applying the rule, the Court of Appeals, as clearly evidenced by its opinion, followed the later decisions of this court which have qualified the original doctrine to the extent that where the theory of the defense, as shown by the evidence, is outlined in other instructions, all of which, when taken with that given for the plaintiff, can be said to properly give the whole law of the case, then an instruction for plaintiff on the whole case, which excludes the theory of the defense, is not erroneous. And moreover, although the Court of Appeals may have misapplied the rule announced in the Clark Case, to the facts before it, (which we do not concede), such misapplication does not constitute error cognizable in this proceeding, as the facts relating to the instructions given in the instant case are in no way analogous to the facts bearing upon the instructions in the Clark Case. [State ex rel. Calhoun v. Reynolds, 289 Mo. 506, 233 S. W. l. c. 485.] As was said by WALKER, J., in State ex rel. Commonwealth Trust Co. v. Reynolds, 278 Mo. l. c. 709, "A mistaken application by the Court of Appeals, of the rule announced in a Supreme Court case, will not convict the former court of error, if its conclusion does not engender a conflict."

In Wingfield v. Wabash Railroad Co., supra, with which case relator likewise claims the opinion of the Court of Appeals conflicts, the doctrine enunciated in the Clark Case is strongly reaffirmed as "live and good doctrine to this very day," when suitably analyzed and "when the facts of the particular case are considered with discrimination." However, in the Wingfield Case the qualifications to the doctrine, adverted to by us above, are concisely stated in the language quoted in the opinion of the Court of Appeals. And, as late as Stack v. General Baking Co., 223 S. W. 89, l. c. 98, the Wingfield Case has been followed by this court and the qualified doctrine restated thus: "Where the plaintiff's in-

State ex rel. Jenkins v. Trimble.

struction omits some feature which is not an element of his cause of action, but of the defense which is set up, the omission may be cured by instructions for defendant ·submitting that feature.'' In the case under review plaintiffs' Instruction ''A'' covered every fact necessary for them to prove in order to recover. Relator, as a matter of defense, raised the question of a countermand of the order. This question was fully covered in the instructions given for relator. And it was for the jury to consider all of the instructions together. Manifestly, therefore, in sustaining the instructions the Court of Appeals did not contravene the Wingfield Case.

In State ex rel. Long v. Ellison, supra, the remaining case which relator claims the opinion of the Court of Appeals contravenes, the sole point decided which is any way pertinent to this review, as it was well stated by GRAVES, J., was: ''That if the instruction for the plaintiff purports to cover the whole case and directs a verdict, then if it be found that such instruction has omitted a necessary element requisite ᴠto the right of plaintiff to recover, then such omission is not, and cannot be cured by an instruction given for the defendant.'' In urging the conflict here alleged, relator seems to have overlooked that what was actually condemned in the above-mentioned case was the omission in a plaintiff's instruction of a *necessary element requisite to his right to recover,* and *not* an *element of defendant's defense.* In other words, the holding there in substance was, that when a plaintiff gives an instruction purporting to cover the whole case, he must embrace therein all the things necessary to entitle him to a recovery. This, as has been said, plaintiff's Instruction A did. The lack of conflict is plainly apparent.

This concludes the questions presented by relator. From what has been said it follows that our writ was improvidently granted and should be quashed. It is so ordered. All concur, except *James T. Blair, C. J.,* who dissents in separate opinion, and *Walker, J.,* who dissents and concurs with *James T. Blair, C. J.*

JAMES T. BLAIR, C. J. (dissenting).—The rule that giving contradictory instructions constitutes error is too well settled to require the citation of authorities. Of two contradictory instructions one must be erroneous. If that one was given at the instance of the winning party, nothing else appearing to excuse or waive the error or render it harmless, the judgment ought not to be allowed to stand.

In the case before the Court of Appeals plaintiff's instruction told the jury that if they found (1) that defendant's daughter ordered the awnings upon his authority, and (2) that plaintiff, as a result of said order, delivered the awnings to defendant, then the verdict "will be for the plaintiff" for the reasonable value of the awnings, with interest after demand, if demand was made.

This instruction covered the whole case and directed a verdict for plaintiff if the jury found only the fact that an order was made and the goods delivered. But one defense was that the order had been countermanded before plaintiff incurred any expense or did any work toward filling the order. The jury was instructed that this was a complete defense. The Court of Appeals holds these instructions meets the requirements of the law. The majority opinion seems to hold the same thing. That they contradict each other seems clear. If the countermand was a defense then it could not have been true that plaintiff was entitled to a verdict if the jury found merely that (1) an order was given, and (2) the awnings delivered. Yet the trial court told the jury, if they found those two things only, to return a verdict for plaintiff. That instruction clearly excluded the defense that the order was countermanded. It covered the case. It directed a verdict on stated facts. If that instruction is correct, then the countermand had nothing to do with the case. The instruction squarely conflicts with the defendant's instruction respecting the countermand.

If these two instructions do not conflict, I believe there can be found no such thing as conflicting instructions. If they do conflict, then the decision of the Court of Appeals is in conflict with many decisions of this court.

The principle that non-direction may be cured by supplementary instructions cannot logically be extended to excuse conflict in instructions. *Walker, J.,* concurs.