F. A. ROZELL, Doing Business Under the Firm Name of ROZELL FAMOUS PLAYERS, Respondent, v. NORTH BRITISH and MERCANTILE INSURANCE COMPANY, a Corporation, Appellant.

In the Springfield Court of Appeals, January 7, 1924.

1. **TRIAL: Instruction Omitting Affirmative Defense not Element of Case Held not Error.** In action on a fire insurance policy covering a private railroad car, where plaintiff's instruction which covered the entire case omitted the affirmative defense that at the time of the fire plaintiff carried gasoline on the car other than for cooking purposes, there was no error; it not being an element that entered into plaintiff's case, and such defense being covered in defendant's instruction.

2. **INSURANCE: Failure of Instruction on Damages to Follow Statute as to Partial Loss Held not Error.** In action on a fire insurance policy covering a private railroad car, used to transport a show troupe, which was so burned that there was nothing left except the trucks and wheels, there was no error in instruction on the measure of damages in that it failed to follow Revised Statutes 1919, sec. 6231, pertaining to partial loss.

3. ———: **Damages for Vexatious Refusal to Pay and Attorney's Fees Improperly Allowed.** Where insurer had substantial evidence that insured had violated his policy by keeping too much gasoline on his

private car, and insured had been arrested for arson, insurer should not be penalized for making a defense by assessment of damages for vexatious refusal to pay or attorney fees.

Appeal from the Circuit Court of Scott County.—*Hon. Frank Kelly*, Judge.

AFFIRMED (*on condition*).

*Leahy, Saunders & Walther, B. C. Hardesty* and *B. Hugh Smith* for appellant.

(1) An instruction for plaintiff, which purports to cover the entire case, is erroneous if it omits any reference to the defenses pleaded and in evidence. King v. Lusk, 196 S. W. 67; Mining Co. v. Fidelity and Casualty Co., 161 Mo. App. 185; Beggs v. Shelton, 173 Mo. 127; Patterson v. Evans, 254 Mo. 293; State v. Stubblefield, 239 Mo. 526. (2) The rule is that when plaintiff's principal instruction purports to cover the whole case and directs a verdict for plaintiff on a finding of the facts there required, and omits to require the finding of a fact essential to sustain the verdict, such error is not cured by the giving of another instruction, either for defendant or plaintiff, supplying the deficiency. Such instructions are held to be inconsistent, in that one authorized a verdict without finding such essential fact, though the other requires it. Hall v. Coal Co., 260 Mo. 351; Kerr v. Bush, 198 Mo. App. 377; Walker v. White, 192 Mo. App. 13; Metcalf v. Runnels, 222 S. W. 894; Delfosse v. United Rys. Co., 201 S. W. 860. (3) The right of recovery under fire insurance policies is limited to the difference between the value of the property before the fire and the value of the property after the fire. Printing Co. v. Connecticut Fire Ins. Co., 209 Mo. App. 422; Tinsley v. Aetna Ins. Co., 199 Mo. App. 693. (4) Penalties for alleged vexatious refusal to pay and attorney's fees should not be inflicted when the evidence

shows that such refusal was not wilful and without reasonable cause, as the facts would appear to a reasonable and prudent man before trial. Non-Royalty Shoe Co. v. Phoenix Assurance Co., 277 Mo. 399; State ex rel. Missouri State Life Ins. Co. v. Allen et al., Judges, 243 S. W. 839; Patterson v. Insurance Co., 174 Mo. App. 44.

*Gallivan & Finch* and *Ward & Reeves* for respondent.

All the instructions given, both for plaintiff and defendant, must be read together and if taken as a whole, they correctly state the law, then all essentials to a recovery or to the defense need not appear in one instruction. Wingfield v. Railroad, 257 Mo. 347; Gibler v. Railroad, 203 Mo. 222; State ex rel. v. Trimble, 291 Mo. 233-234; Holeman v. City of Macon, 177 S. W. 1078. The question of waiver of a provision of an insurance policy requiring proofs of loss is one for the jury. Okey v. Ins. Co., 29 Mo. App. 105; Summers v. Ins. Co., 45 Mo. App. 46; Roberts v. Ins. Co., 94 Mo. App. 142.

FARRINGTON, J.—This is a suit on a standard policy of fire insurance covering a private railroad car, its contents and equipment, owned by the plaintiff and known as "Frankie No. 3." Plaintiff was in the show business and carried with him a number of negro performers. The petition is in the usual form, alleging the ownership of the car and that at the time of the fire the policy was in force. The petition asks for the face of the policy $3000 and ten per cent added for vexations delay in refusal to pay, and attorney's fees. The answer was a general denial, an affirmative plea of the keeping of gasoline on the car contrary to the terms of the policy, the clause of the policy providing that the company shall not be liable beyond the actual cash value of the property at the time of loss or damage, and at no time would it be liable for a sum to exceed what it would cost the insured to repair or replace the same, provision for the giving of notice, also a plea that the ordinary non-waiver agreement had been signed, and that the loss did not exceed the sum of $500. Judgment went for the

plaintiff for the face of the policy with $300 allowed for vexatious delay and $600 attorney's fees, together with interest.

The points of error assigned are on the form of the instructions given, the submission of the question of vexatious refusal to pay, and the form of arguments made by the attorneys for the plaintiff to the jury. We will notice these assignments in order.

Appellant has set out plaintiff's instruction B, which covers the entire case, and which merely tells the jury that if they believe the property was destroyed, that it was insured during the time the policy ran, and that plaintiff was the owner of the property, they would find for the plaintiff.

The defendant asked an instruction, which was given, that if at the time of the fire the plaintiff carried gasoline on the car other than for cooking purposes, the verdict must be for the defendant. The objection to this instruction being that there was a defense on the gasoline clause of the policy which plaintiff's principal instruction did not notice. This question may have been open to argument prior to the recent case of State ex rel. Jenkins v. Trimble, 291 Mo. 227, 236 S. W. 651. Under that authority the instruction of plaintiff, in omitting the defense, it being an affirmative defense and not being an element that entered into plaintiff's case, was not error. The defense having been covered in a proper instruction given at defendant's instance, it is unnecessary to discuss a long line of cases cited by appellant on this question because it is settled so far as this court is concerned by the authority above cited.

It is next contended that the court erred in giving plaintiff's instruction on the measure of damages, in that it failed to follow section 6231, Revised Statutes 1919, which pertains to the measure of damages in case of a partial loss. We cannot understand why this question should be brought into this case. The undisputed evidence is that this was a complete show car, used for the transportation of the troupe from place to place

over the railroads, and that when it burned there was nothing left except the trucks and wheels. As we understand the law, this is not a partial loss, but the car was insured as a car, and it was destroyed as a car. True it is that the wheels and trucks might have been put under another car, to be built thereon; and so might the bricks of a building that had burned down be put into a new building. The law, as we understand it, is that if a fire has so disintegrated a building that it can no longer be designated as a building, though parts of it remain standing, it is, nevertheless, a total loss and not a partial loss. We see no reason why the same should not apply to a railroad car which was insured. Certainly no one could say that the wheels and trucks of a car could be designated as a railroad show car. See Stevens v. Fire Insurance Co., 120 Mo. App. 88, 96 S. W. 684, and cases therein cited. There was evidence tending to show that the value of the car was sufficient to justify the amount of the verdict under the terms of the policy.

We have read the excerpts from the argument of plaintiff's attorneys to the jury and find nothing therein that would justify us in holding that it had misled or inflamed the jury, or had any harmful effect on the verdict returned.

We come to the last assignment, which is concerning the ten per cent vexatious refusal to pay the attorneys' fees. We think the court committed error, under the authority of Aufrichtig v. Columbian National Life Ins. Co., 249 S. W. 912, and Non-Royalty Shoe Co. v. Phoenix Assurance Co., 277 Mo. 399, 210 S. W. 37, because the defendant introduced evidence which tended to show that the plaintiff had violated the provision of his policy by keeping gasoline on the car contrary to the terms of the policy. If the jury had found for the defendant on this issue, we could not have set the verdict aside as being supported by no substantial testimony. In addition to this, the defendant was confronted with the fact that when it sent its adjuster, immediately after the fire, he found that plaintiff had been arrested for arson and that

the charge was then standing against him. Under these circumstances we do not feel that a defendant should be penalized for making a defense which the policy gave it the right to make, and where it had substantial testimony tending to show that an improper amount of gasoline had been kept on the car and was on there the night it burned. This error, however, can be cured by a remittitur. It results that the judgment is affirmed on condition that plaintiff remit the sum of $900, $600 of which is allowed as attorneys' fees and $300 as penalty, within ten days after the handing down of this opinion, otherwise the judgment will be reversed and the cause remanded. *Cox, P. J.,* and *Bradley, J.,* concur.