CORA A. DICKENSHEETS, Respondent, v. BESSIE PATRICK, Administratrix of the Estate of JOHN H. CANBY, Deceased, Appellant.*

St. Louis Court of Appeals.   Opinion filed July 7, 1925.

1. **INSTRUCTIONS: Settlement: Not Pleaded: Instruction Not Submitting Question Whether Payment was Final Settlement: Not Error.** An instruction to deduct the amount which plaintiff's petition admitted was paid her, *held* not erroneous, in not submitting the question whether the certain payment was a final settlement or a closing up of the account, where defendant did not plead settlement or closing of the account as a defense to the action.

2. ———: **Courts Cannot Change Issues By Instructions.** Courts cannot, by instruction, change an issue made by the parties in their pleadings.

3. ———: Ignoring Defenses: Instruction Not Erroneous. In an action against an administratrix of an estate for services performed by plaintiff for deceased, an instruction requiring a finding that plaintiff fully performed all the work and services by her agreed to be done and performed pursuant to contract sued on, *held* not erroneous as ignoring the question as to whether such contract was superseded by a subsequent contract entered into between plaintiff's husband and the decedent.

4. ———: ———: Omission: Cured by Defendant's Instruction. In an action against an administratrix of an estate for services, plaintiff's instruction *held* not erroneous, if ignoring the question as to whether the contract sued on for services rendered deceased was superseded by a subsequent contract between the latter and plaintiff's husband, where such issue was submitted to the jury by defendant's instruction which told the jury that if plaintiff's husband furnished deceased, under a contract therefor, board and washing at the home of plaintiff, then the plaintiff could not recover for any such services rendered by her husband.

5. ———: ———: ———: Omission of Matters of Defense from Plaintiff's Main Instruction: Supplied By Defendant's: Not Error. Where, in the trial of a case, matters of defense arise on the evidence, plaintiff's main instruction should include such matters of defense, but the omission thereof in such instruction is not error, where such defensive matters are submitted to the jury in another instruction given for the defendant.

6. ———: ———: ———: Fact Shown by Evidence: Not Treated as Disputed Question: May be Omitted from Instruction. Where the evidence conclusively shows nonpayment for services rendered by plaintiff, and where it appears at the trial that such fact is not treated as a real disputed question, the court may assume the existence of such fact, and omit it from plaintiff's instruction, the record disclosing that defendant tried the case on the theory that plaintiff had no contract at all and that the contract was made with plaintiff's husband who was fully paid.

7. PAYMENT: Pleading: Services: Payment to be Available as a Defense Must be Pleaded. In an action against an administratrix of an estate for services performed by plaintiff for deceased, *held* that payment, to be available as a defense, must be pleaded.

8. ———: Presumptions: Payment for Services Not Presumed from Lapse of Time. In an action against an administratrix for services performed for deceased, *held* that presumption of payment did

not arise from lapse of time where the contract was shown to be. a continuous one and there were no accompanying circumstances shown to aid the presumption of payment.

*Headnotes 1. Trial, 38 Cyc., p. 1612; 2. Trial, 38 Cyc., p. 1612; 3. Trial, 38 Cyc., p. 1632; 4. Trial, 38 Cyc., p. 1785; 5. Trial, 38 Cyc., p. 1785; 6. Trial, 38 Cyc., p. 1670; 7. Payment, 30 Cyc., p. 1253; 8. Payment, 30 Cyc., p. 1277.

Appeal from the Circuit Court of Ralls County.—*Hon. Charles T. Hays*, Judge.

AFFIRMED.

*J. O. Allison*, and *Joseph F. Barry* for appellant.

*Eby & Hulse* and *E. L. Alford* for respondent.

DAUES, P. J.—This is an action for services per- formed by plaintiff for John H. Canby, deceased. The suit was filed in the circuit court of Ralls county by plain- tiff against Bessie Patrick, as administratrix of the es- tate of said Canby. The cause was tried to a jury, re- sulting in a verdict and judgment for plaintiff in the sum of $904.90, and defendant appeals.

The petition alleges that plaintiff and Canby en- tered into a contract in 1893 whereby plaintiff was to care for, cook and serve meals and do the washing for Canby in her home, and that Canby was to pay therefor the reasonable value of such services. It is alleged that plaintiff rendered the services according to the contract from December 1, 1893, to February 12, 1920 (several months excluded), covering a period of one thousand three hundred and twenty-two weeks, and that $3 per week was the reasonable sum for such services; that plaintiff allowed a credit of $95.10, which the decedent paid on the contract from time to time during the twenty- eight years, and that no further payments were made, and asked judgment against said estate for $3870.10.

The answer is a general denial and pleads the Stat- ute of Limitations. The record shows that Canby, a bache- lor, died intestate in December, 1921. In 1890 he was the owner of a hundred and twenty-five acres of land in

Ralls county, and resided on same continuously until a few months before his death. In 1893 Samuel L. Dickensheets, the husband of plaintiff, with his family moved to the Canby farm and they have resided there continuously since. Canby lived in the house with the Dickensheets throughout the period of his residence on the farm after 1893. In 1905 Canby conveyed sixty-two acres of the land, including the residence, to Dickensheets and his wife. They gave a note to Canby for $300, secured by a deed of trust subject to a $1700 deed of trust then on the place. On March 11, 1905, Canby and Samuel L. Dickensheets entered into a contract by which Canby rented to the Dickensheets the sixty-two and a half acres more of the farm for $100 a year, and agreed thereby that Mr. Dickensheets was to furnish Canby board and meals and washing for $80 a year, the contract to run for ten years. It appears that settlements were made between Samuel Dickensheets and Canby yearly under this contract. In April, 1916, the deed of trust given by the Dickensheets on March 11, 1905, to secure the $300 note, was released and a new deed of trust was given to secure the note of Dickensheets and his wife to Canby for $600. Other real estate transactions were shown involving Canby's real estate holdings. There is evidence that the estate of Canby paid Samuel L. Dickensheets $334.60 for board and firewood furnished Canby from February 12 to September 9, 1921. There is also evidence that Canby carried a small account in two local banks. At his death, Canby's estate was worth about $5000.

In the contract made in 1893 it was agreed that Canby was to live with the Dickensheets family, and that he should have and occupy a certain room in the house. There is evidence that Canby at that time asked Dickensheets what board he was to pay, and requested that since he was hard-run for money he would like board as cheaply as possible. Dickensheets replied that he did not want to make any profit off of him, and that he would charge him only what it would cost to buy the food he ate. After

some conversation it was concluded that it would cost about $80 a year, or about seven and a third cents per meal to cover the net amount required for food. During this same conversation, Dickensheets told Canby that the $80 per year would not include the services of his wife, plaintiff herein, for preparing the meals, keeping his room clean, doing his washing and mending his clothes, and that Canby would have to make some arrangements with his wife for those services. Plaintiff testified that she was present during this conversation, and that Canby then asked her what she would charge him for her services so to be rendered, and that she told him she did not know but that she would be fair and reasonable in her charges; that Canby agreed that he would pay what was reasonable and right.

The evidence shows that after the arrangements were finally made between Canby and the Dickensheets, Canby continued to live there as a member of the family, and that plaintiff continued to perform such services for Canby under the terms of said agreement from 1893 until 1920. It appears that the contract by which Dickensheets was to buy the food for Canby for $80 a year ran on until February, 1920, when a new arrangement was made between the Dickensheets and Canby, whereby Canby was to pay the sum of $4 per week for his board, which was to cover all charges for his meals and keeping his room clean, etc. They lived under this agreement until September 9, 1921, when Canby left the home of plaintiff.

While the evidence shows several real estate transactions by Canby, and that he had a small bank account, there is evidence tending to show that he was a man of very little ready cash. For several years after he began living with the Dickensheets he paid $180 annually for the care of an invalid sister, and he also loaned sums of money to relatives, and there is testimony tending to show that Canby was usually hard pressed for money, and that on several occasions he told the plaintiff he

could not then pay for the services rendered by her be-
cause of his impecunious condition. On a number of oc-
casions Canby would buy certain articles of merchandise
at the request of plaintiff, and he would tell her to keep
track of such accounts and give him credit on what he
was owing for her services to him. He made a few cash
payments of $20 and less, and plaintiff kept account of
such payments, together with the articles he bought for
her, aggregating the sum of $95.10.

The jury having before it the decedent's real estate
and financial transactions, the evidence of plaintiff's serv·
ices to him and the different agreements made between
the decedent and the plaintiff and the decedent and plain-
tiff's husband under a mass of testimony and evidence
involved, found the facts in favor of plaintiff to the ex-
tent of rendering a verdict in her favor for $904.90.

Counsel for appellant in a very able brief relies, first,
on the assignment of error in the giving of plaintiff's
instruction No. 1 covering the whole case and directing
a verdict for plaintiff. This was the only instruction
given for plaintiff and is a very voluminous one. It is
said that the instruction ignores questions raised by the
evidence and assumes controverted facts. This grows
out of the following situation: In plaintiff's Exhibit
"A," which was the account kept by plaintiff of the serv-
ices rendered to Canby, there appears an entry that Mrs.
Samuel L. Dickensheets, in payment for work done for
Mr. Canby from November, 1893 to January, 1903, re-
ceived the sum of $57, and it is said by appellant that
such entry "might reasonably be a memoranda of an
account closed and evidence a final payment and settle-
ment to the date thereof." Plaintiff's instruction No. I,
it is said, arbitrarily tells the jury to treat this merely
as a payment on the pleaded contract. The defendant's
answer did not raise the defense that the $57 payment
was a final closing of the account or final settlement there-
of. In plaintiff's petition this credit of $57 was admitted
as part payment on the account. Plaintiff's instruction
did not ignore a fact which was necessary to plaintiff's

recovery, nor did it ignore a fact constituting a valid defense properly raised in the pleadings. The jury were told to deduct the amount collected by plaintiff, being the sum of $95.10, which she admitted in her petition was paid her. So we hold that the instruction is not erroneous in that it did not submit to the jury the question as to whether the $57 item was a final settlement or a closing up of the account between Canby and the plaintiff, for the reason that the defendant did not plead settlement or closing of the account as a defense to the action. If the defendant relied upon this item as a settlement of the account, it was defendant's duty to set out such defense in her answer. [Bank v. Stewart, 136 Mo. App. 24, 117 S. W. 99.] The courts cannot by instruction change an issue made by the parties in their pleadings. [State ex rel. v. Ellison, 270 Mo. 645, 195 S. W. 722; Sinnamon v. Moore, 161 Mo. App. 168, 142 S. W. 494.]

Appellant further insists that the instruction ignores the question as to whether the alleged contract between plaintiff and Canby for services was superceded by a subsequent contract entered into between her husband, Samuel L. Dickensheets, and the decedent.

The instruction, because of its unusual length, is not set out in full, but we find that same does cover this question, since it required the jury to find before allowing a recovery for plaintiff, "that in pursuance of said contract (the contract sued upon), plaintiff faithfully and fully performed all the work and services by her agreed to be done and performed; and from and after such first day of December, 1893, until on or before the 12th day of February, 1920, and during all the times said Canby occupied said room as aforesaid." So that under such instruction if the jury believed that plaintiff's contract with Canby had been superceded by another contract between her husband and Canby and covering the same subject-matter, the jury could not have allowed plaintiff anything even for the services which she might have rendered to Canby prior to the ending of her contract. The jury were required to find that plaintiff ren-

dered such services under her own contract up to February 12, 1920.

However, if we assume that the pleadings raise an issue as to whether plaintiff's contract was ended by another contract made by her husband, and further assuming that instruction No. 1 for plaintiff does not cover such subject, yet such issue was submitted to the jury by defendant's instruction No. 4, which told the jury that if Samuel L. Dickensheets furnished Canby, under a contract therefor, board and washing at the home of plaintiff, then plaintiff could not recover for any such services rendered by Samuel L. Dickensheets. It is true, that if in the trial of a case matters of defense arise on the evidence, plaintiff's main instruction should include such matter of defense, but the omission thereof in such instruction is not error where such defensive matters are submitted to the jury in another instruction given for the defendant. [Heigold v. United Rys. Co., 271 S. W. 773; State ex rel. Jenkins v. Trimble, 291 Mo. 227, 236 S. W. 651; Turner v. Mays, 266 S. W. 998.]

It is next said that the instruction does not submit to the jury the question of whether plaintiff had been paid by Canby for her services. Again we must have in mind that the issue of payment was not joined in the pleadings, but even had such issue been joined, where the evidence conclusively shows non-payment, and where it appears at the trial that such fact is not treated as a real disputed question, the court may assume the existence of such fact and omit it from plaintiff's instruction. [Ward v. Amer. Ry. Express Co., 259 S. W. 514; Davidson v. Transit Co., 211 Mo. 320, 109 S. W. 583.]

The record discloses that defendant tried the case on the theory that plaintiff had no contract with decedent Canby at all; that the contract and all arrangements for board and services for Canby were made with plaintiff's husband, and that the husband furnished the board and services and was fully paid; that plaintiff had been paid nothing and that the decedent never recognized any contract with her. The defendant did not plead payment

as a defense and introduced no evidence which would even tend to show that Canby had ever paid plaintiff anything.

Considering the further argument of appellant's counsel, it is said that payment was not necessary to be pleaded to be made available as a defense. There are exceptions to the rule that payment to be made available as a defense must be pleaded. This case does not fall within such exceptions.

We are not impressed with the insistence that there was a presumption of payment arising in this case from a lapse of time. The contract here was shown to be a continuous one, and there were no accompanying circumstances shown to aid the presumption of payment. In fact, the record discloses circumstances which satisfactorily explain why the account ran for such length of time unpaid. Other complaints made by appellant have been considered and found to be without merit.

The case was a long and tedious one to try. The court, it appears, very painstakingly gave a fair trial under the rules of evidence so that substantial justice might be done. We think the verdict is for the right party, and no reversible error appearing, the judgment is affirmed. *Becker* and *Nipper, JJ.*, concur.