JOHN H. GRIFFITH v. DELICO MEATS PRODUCTS COMPANY, Appellant.—
145 S. W. (2d) 431.

Division One, December 11, 1940.

*James R. Sullivan* and *Arthur R. Wolfe* for appellant.

30

*Homer A. Cope, L. V. Copley, Cope & Hadsell* and *Walter A. Raymond* for respondent.

BRADLEY, C.—This is an action under the compensatory section of our death statute, Sec. 3263, R. S. 1929, Mo. Stat. Ann., p. 3371, for damages for the death of plaintiff's wife, Edith Griffith, alleged to have been caused by the negligence of defendant's truck driver. Verdict and judgment for $10,000 went for plaintiff and defendant appealed.

Mrs. Griffith received fatal injuries January 27, 1938, when the car in which she was riding as a guest was struck by defendant's truck on the intersection of 27th Street, an east and west street, and Troost Avenue, a north and south street, in Kansas City, Missouri. The acts of negligence submitted were failure to keep a vigilant lookout, failure to sound a warning, failure to drive to the right of the center of the street, and excessive speed.

The answer was a general denial and a plea that the sole cause of Mrs. Griffith's death was the negligence of the driver of the car in which she was riding, in that he drove at an excessive speed, and "failed to keep a proper and sufficient lookout ahead and laterally," as he approached, entered, and crossed the intersection, and that he entered the intersection "against the red traffic control signal light." The reply was a general denial.

Plaintiff's case shows the facts as follows: January 27, 1938, plaintiff's wife attended the church funeral of Mrs. Dora Gangel, and when fatally injured was on the way (traveling east on 27th Street) to the cemetery and was riding as a guest in a car, in the funeral procession, driven by Thomas A. Flanigan. There were six in the car, three in each seat. Plaintiff's wife was sitting between two women in the rear seat. There were 25 or 30 cars in the procession, and the first 4 or 5, including the hearse, carried funeral flags. There was a space from 12 to 15 feet between the cars in the procession, which moved at 12 or 15 miles per hour. There were traffic lights at the intersection of Troost Avenue and 27th Street, and for north and south traffic on Troost, the green period was 17 seconds, amber 4 seconds, and red 21 seconds. For east and west traffic on 27th Street, the green period was 15 seconds, amber 4 seconds, and red 21 seconds. When the procession entered the intersection of 27th Street and Troost Avenue, both north and southbound traffic on Troost stopped. The car, in which Mrs. Griffith was riding, was 8 or 12 feet behind the next car, in the procession, in front, and entered the intersection *on* the east and west *green* light, and at a speed of 12 or 15 miles per hour. At that time, 4 or 5 northbound cars were standing on Troost immediately south of the intersection, and 2 or 3 cars were waiting on the north side of the intersection. After the Flanigan car had entered the intersection, defendant's truck, south bound, without warning and *against* the red light, drove into the intersection at a speed of 30 or 40 miles per hour, and without swerving or slackening speed, struck the Flanigan car about midway on the left side at a point on the intersection about five feet south of the center line of 27th Street, and a few feet east of the center line of Troost Avenue.

Defendant's case: R. H. Armstrong, driver of defendant's truck, testified that he entered the intersection from the north and *on* the north and south *green* light, and at a speed of 16 or 18 miles per hour; that he first saw the Flanigan car when the front end of the truck "was about eight feet into the intersection," and at that time it (the Flanigan car) was "about even with the west curb line of Troost avenue," and that the speed of the Flanigan car was between 40 and 45 miles per hour. Armstrong further testified that he did not see any eastbound traffic in front of the Flanigan car, that is, that he did not see any part of the funeral procession in front of the Flanigan car, and further:

"When I first observed this Plymouth (Flanigan car) coming into the intersection, as I say, I traveled approximately ten to twelve feet, due south, and after I had seen this Plymouth coming on through on this red light, I swerved my truck to the left, oh, I should judge about four or five feet to avoid it and by that time I had applied my brakes and was doing everything in my power to avoid the accident, because I saw he was coming on through there. . . . Q. Will you tell the jury in what part of the intersection the actual impact or collision occurred or happened? A. The impact occurred just about the center of the intersection; by that, I mean if you would draw a center line down Troost avenue, and draw a center line across Twenty-seventh street, that it would not be more than two feet to the south of the center line of Twenty-seventh street to where the impact occurred. Q. What part of your automobile came in contact with what part of the Plymouth? A. After I had swerved my truck, the left—the right front corner, which is the front fender and the front bumper of my truck struck the Plymouth just about even with the front door. Q. What speed, in your judgment, were you traveling at the time of the actual impact? A. By the time of the impact in my judgment, I had slowed by truck down to possibly five or seven miles an hour. Q. What speed in your judgment was the Plymouth traveling at the time of the actual impact? A. In my judgment the Plymouth was still traveling at the same rate of speed he was when he entered the intersection, which was forty to forty-five miles an hour."

Several other witnesses for defendant testified that Armstrong entered the intersection on the north and south *green* light, and defendant's evidence also tended to show that there were no funeral flags on the hearse or any car in the procession, and that the Flanigan car was from a half block to two blocks to the rear of the next car ahead in the funeral procession.

Error is assigned only on plaintiff's instruction No. 1, and of this instruction three complaints are made, viz.: (1) That there was no evidence to support submission on primary negligence; (2) that the instruction wholly ignores the defense "on the vital fact as to which automobile had the right of way given by the traffic signal lights;" and (3) that the instruction assumes as true that the Flanigan car was *following closely* the car in the procession next ahead at the time it (the Flanigan car) entered the intersection.

Hypothesizing facts about which there is no dispute, plaintiff's instruction No. 1 directed a verdict for plaintiff, if it were found "that the automobile in which plaintiff's wife was riding entered and was crossing said intersection following closely the automobile next in advance in said funeral procession, if so, and if you further find and believe from the evidence that while said automobile in which plaintiff's said wife was riding was proceeding eastwardly across said

intersection, defendant's said agent and servant, Ralph Armstrong, drove defendant's said automobile truck into said intersection of said streets, if so, and that he negligently failed to keep a vigilant and proper lookout ahead and laterally while driving defendant's said truck in a southerly direction on said Troost avenue and into said intersection of that street with 27th street, if so, and that he negligently failed to sound a timely warning by horn, or otherwise, of his intention to proceed in a southerly direction on said Troost avenue across 27th street and through said funeral procession, if so, and that he negligently failed to drive said automobile truck to the right of the center line of said Troost avenue when he drove said truck into and across the intersection of the streets aforesaid, if so, and that he negligently drove said truck into said intersection of said streets at a speed which was excessive and dangerous under all the conditions and circumstances then and there existing, if so, and if you further find and believe from the evidence that as a direct and proximate result of all the aforesaid negligent acts of defendant's said truck driver, if you find they were negligent, the defendant's said automobile truck was caused to come into violent collision with the automobile in which plaintiff's said wife was riding, and plaintiff's wife thereby received severe injuries, if you so find, and that thereafter, to-wit, on February 6, 1938, plaintiff's wife died as a direct result of said injuries so received. . . .''

. Defendant's given Instruction No. 5 was as follows: ''The court instructs the jury that if you find and believe from the evidence that at the time and place of the collision in question the traffic control signal light at the intersection of 27th and Troost showed green for north and south traffic on Troost at the time the driver of defendant's southbound truck approached and reached and entered said intersection, if so, and that said traffic light showed red for east and west traffic on 27th street at the time the driver of the eastbound Plymouth automobile approached and reached said intersection, and that defendant's driver at all times mentioned in evidence drove said truck in a careful and prudent manner and at a reasonable rate of speed, if you so find, then you are further instructed that the driver of defendant's truck had the right to assume that the driver of the eastbound Plymouth automobile would stop said automobile before entering the cross-walk on the west side of said intersection, unless you further find that the driver of defendant's truck knew, or by the exercise of the highest degree of care should have known, that the driver of the said Plymouth automobile was not going to obey the instructions of said red traffic light and was going to proceed into and over said intersection without stopping.''

Was it error to submit the cause on primary negligence? Defendant so contends. This contention is based on the assumption that defendant's truck entered the intersection *on* the north and south

*green* light and that the Flanigan car entered *against* the east and west *red* light, and that defendant's truck was in the intersection when the Flanigan car entered. As appears, the evidence on these questions was conflicting, and in such situation there can be no merit to defendant's first complaint.

Plaintiff's Instruction No. 1 does not hypothesize the defenses, and the question is: Does defendant's Instruction No. 5 cure the omission? As supporting the second complaint, defendant cites Alexander v. Hoenshell (Mo. App.), 66 S. W. (2d) 164; State ex rel. North British & Merc. Ins. Co. v. Cox, 307 Mo. 194, 270 S. W. 113, l. c. 114; Pence v. K. C. Laundry Service Co., 332 Mo. 930, 59 S. W. (2d) 633, l. c. 636; Pevesdorf v. Union Elec. Light & Power Co., 333 Mo. 1155, 64 S. W. (2d) 939, l. c. 947; Jones v. St. L.-S. F. Ry. Co., 226 Mo. App. 1152, 50 S. W. (2d) 217, l. c. 220; Woods v. Moore (Mo. App.), 48 S. W. (2d) 202, l. c. 206; Cantley v. Plattner et al., 228 Mo. App. 411, 67 S. W. (2d) 125, l. c. 131-2; Allison v. Dittbrenner (Mo. App.), 50 S. W. (2d) 199, l. c. 202; Daniels v. Langensand, 231 Mo. App. 777, 96 S. W. (2d) 911, l. c. 919; Cuddy v. Shell Petroleum Corp. et al. (Mo. App.), 127 S. W. (2d) 24, l. c. 30. Alexander v. Barnes Groc. Co. (Mo. App.), 7 S. W. (2d) 370, l. c. 373; Dean v. Moceri et al. (Mo. App.), 87 S. W. (2d) 218, l. c. 222.

In the brief defendant says: ''Plaintiff recognized and made an issue of the right of way as given by the traffic lights and produced three witnesses whose testimony tended to show that the eastbound Plymouth entered the intersection on the green light. However, this crucial issue as to which driver had the green light and right of way across the intersection was entirely ignored in plaintiff's main instruction No. 1. It does not submit for the finding of the jury any facts pertaining to the question of traffic lights or rights of way and wholly ignores defendant's pleaded and substantial evidentiary defense.''

''The true rule is that where the plaintiff's (main) instruction omits some feature which is not an element of his cause of action, but is an element of the defenses set up in the answer, the omission is cured by instructions given for defendant which include that feature.'' [State ex rel. Jenkins v. Trimble et al., 291 Mo. 227 (headnote 3), 236 S. W. 651.] ''A plaintiff is required to embody in the instruction, wherein he undertakes to cover the whole case, all of the elements necessary for his recovery. If matters of defense are omitted from plaintiff's instruction which purports to cover the whole case, and these omitted defensive matters are included in the defendant's instruction, then there is no error; but, where elements necessary for plaintiff's recovery are omitted from the main instruction which purports to cover the whole case, the inclusion of these necessary elements in defendant's instruction will not cure the error.'' [Jackson v. Black et al. (Mo. App.), 264 S. W. 432. See

36

also, Perry v. M.-K.-T. Railway Co., 340 Mo. 1052, 104 S. W. (2d) 332, 1. c. 340; Larey v. M.-K.-T. Railway Co., 333 Mo. 949, 64 S. W. (2d) 681, 1. c. 684; Bowman v. Rahmoeller, 331 Mo. 868, 55 S. W. (2d) ·453, 1. c. 456, and cases there cited.]

 In the situation here it is not necessary to rule as to whether plaintiff's Instruction No. 1 would be erroneous except for defendant's Instruction No. 5. It is sufficient to say that defendant's instruction cured any defect in plaintiff's Instruction No. 1. There is nothing in any of the cases cited by defendant that supports the second complaint on plaintiff's Instruction No. 1, and it is not necessary to review these cases.

 Does Instruction No. 1 assume that the Flanigan car was *following closely* the car in the procession next ahead at the time it (the Flanigan car) entered the intersection? As appears, supra, plaintiff's Instruction No. 1, after hypothesizing facts about which there was no dispute, directed a verdict for plaintiff if it were found "that the automobile in which plaintiff's wife was riding entered and was crossing said intersection *following closely* (italics ours), the automobile next in advance in said funeral procession, if so," etc.

There is no merit in the third complaint on Instruction No. 1. The judgment should be affirmed and it is so ordered. *Hyde* and *Dalton, CC.*, concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.