THE STATE ex rel. NORTH BRITISH & MERCAN-
TILE INSURANCE COMPANY v. ARGUS COX et
al., Judges of Springfield Court of Appeals.

In Banc, March 12, 1925.

1. **INSTRUCTION:** Fire Insurance: Affirmative Defense: Carrying Gasoline on Show Car. An instruction on behalf of the plaintiff which authorizes a verdict on a finding of all the facts necessary for recovery, but fails to mention a pleaded defense, is not erroneous, but the omission is cured by an instruction given on behalf of defendant which includes the affirmative defense, as has been ruled by this court in three recent cases. So that in an action on an insurance policy covering a private railroad show car, an instruction for plaintiff, telling the jury that if they believe the property was destroyed, that it was insured by the policy and that plaintiff was the owner they should return their verdict for plaintiff, was not erroneous, although it failed to mention the pleaded defense that if at the time of the fire the car carried gasoline for other than cooking purposes, in violation of one clause of the policy, their verdict should be for defendant, where such affirmative defense was presented in an instruction given for defendant. And such ruling by the Court of Appeals did not contravene the last previous rulings of this court, although in one of such cases those rulings were by a divided court.

2. ————: ————: Measure of Damages: Total Loss: Burden of Proof. The definition of the term "total loss" used in Section 6229, Revised Statutes 1919, as applied to a building which has lost its identity and specific character as a building, is not applied to personal property. Section 6239 applies to personal property, but the rule prescribed for measuring the damage prescribed by it differs from the rule prescribed by said Section 6229, which applies only to real estate. In insurance on real estate, in case of total loss, the measure of damages is the amount for which the same was insured less depreciation, and the burden of proving depreciation is upon the company; in an action on a policy on personal property, while the company is not permitted to deny that the property insured was worth the amount for which it was insured at the time the policy was issued, the burden is upon the plaintiff to show the value of the property at the time it was destroyed.

3. ————: ————: ————: Necessity to Prove and Submit Question of Total Loss. In an action involving insurance on personal property,

State ex rel. Insurance Co. v. Cox.

whether there is a total loss is a question for the jury, where the fact is disputed. Where the policy covered a railroad private show car, its furnishings and fixtures, neither the trial court by its instructions, nor the Court of Appeals in approving the instructions, has a right to assume that there was a total loss, where the wheels and trucks were not destroyed, and where there was no evidence that they could not be run on a railroad track for some purpose, and no evidence of their separate value. An instruction in such case telling the jury that if they find for plaintiff they will "assess his damages at eighty per cent of the actual cash value of the property destroyed" does not properly submit the question of partial loss, and is out of harmony with Section 6231, Revised Statutes 1919, relating to the measure of damages in case of a partial loss, and the Court of Appeals in assuming there was a total loss on the theory that the car was "a complete show car, used in the transportation of a troupe from place to place over a railroad, and when burned there was nothing left but the trucks and wheels," and in holding that the trial court did not err in failing to submit the question of partial or total loss to the jury, contravened the decision of this court in Shoe Co. v. Insurance Co., 277 Mo. 399, 416, wherein it was held that said Section 6231 applied to such a case, and that an instruction in conflict with it was error.

Citations to Headnotes: 1, **Fire Insurance**, 26 C. J. 777; **Trial**, 38 Cyc. 1778, 1779, 1785; 2, **Fire Insurance**, 26 C. J. 447, 453, 730; 3, **Courts**, 15 C. J. 511; **Fire Insurance**, 26 C. J. 770.

## *Certiorari.*

DECISION OF COURT OF APPEALS QUASHED (*in part*).

*Leahy, Saunders & Walther* for relator.

(1) The error in giving Instruction A, purporting to cover the whole case, but omitting any reference to gasoline defenses pleaded and in evidence, was not cured by giving another instruction submitting that issue to the jury. Hall v. Manufacturers Coal & Coke Co., 260 Mo. 351; Jaquith v. Fayette R. Plumb, 254 S. W. 89; State ex rel. Long v. Ellison, 272 Mo. 571, 582. (2) Instruction B, on the measure of damages, is erroneous in that the right of recovery under a fire policy covering personal prop-

erty is limited to the difference between the value of the property before the fire and the value of the salvage after the fire. R. S. 1919, sec. 6231; Non-Royalty Shoe Co. v. Phoenix Assurance Co., 277 Mo. 399; Security Printing Co. v. Connecticut Fire Ins. Co., 209 Mo. App. 422; Tinsley v. Aetna Ins. Co., 199 Mo. App. 693; McIntyre v. Liverpool, London & Globe Ins. Co., 131 Mo. App. 88; Sharp v. Niagara Fire Ins. Co., 164 Mo. App. 475.

WHITE, J.—*Certiorari* to the Springfield Court of Appeals. One F. A. Roselle, doing business under the firm name of Roselle Famous Players, recovered judgment against the relator on an insurance policy. The policy, for $3,000, was upon a private car, "Frankie N. 3," and all "the furnishings and fixtures, including linens, curtains, bedding, silverware, kitchen utensils, and other furnishings usually on a private car." The judgment was for $3900, made up as follows: $3,000, the value of the private car, which it was claimed was consumed by fire; $300 penalty for vexatious delay, and $600 attorney's fees. The Court of Appeals affirmed the judgment after requiring a *remittitur* of the last two items, allowing the judgment to stand for $3,000 for the value of the car.

I. We are asked to quash the record of the Springfield Court of Appeals on account of alleged conflict with the latest ruling of this court in two particulars: the first is stated in the opinion of the Court of Appeals, as follows:

Affirmative Defense.

"Appellant has set out plaintiff's Instruction B, which covers the entire case, and which merely tells the jury that if they believe the property was destroyed, that it was insured during the time the policy ran, and that plaintiff was the owner of the property, they would find for the plaintiff.

"The defendant asked an instruction which was given, that if at the time of the fire the plaintiff carried gasoline on the car other than for cooking purposes, the verdict must be for the defendant. The objection to this

instruction is that there was a defense on the gasoline clause of the policy which plaintiff's principal instruction did not notice. This question may have been open to argument prior to the recent case of State ex rel. Jenkins v. Trimble, 291 Mo. 227, 236 S. W. 651. Under that authority the instruction of plaintiff, in omitting the defense, it being an affirmative defense and not being an element that entered into plaintiff's case, was not error. The defense having been covered in a proper instruction given at defendant's instance, it is unnecessary to discuss a long line of cases cited by appellant on this question, because it is settled so far as this court is concerned by the authority above cited.''

The relator denies the correctness of the conclusion by the Court of Appeals, and asserts that the latest ruling in this court is Jaquith v. Plumb, 254 S. W. l. c. 93, where it is claimed an instruction such as that complained of was held error. The last expression of this court on the subject was State ex rel. Ambrose v. Trimble, 263 S. W. 840, l. c. 841, 842. In that case Court in Banc reaffirmed the doctrine stated in the case of State ex rel. Jenkins v. Trimble, 291 Mo. l. c. 234, and in the case of McIntyre v. Railroad, 286 Mo. l. c. 260, and other cases cited. Thus we have a leading case in Division One, and a leading case in Division Two, and the latest utterance of Court in Banc, which support the conclusion reached by the Court of Appeals. The rule is thus stated: where an instruction on behalf of the plaintiff authorizes a verdict on a finding by a jury of all the affirmative facts necessary for recovery, omitting mention of defense pleaded by the defendant, such instruction is erroneous, but it is always cured where such matters of defense are presented in an instruction given on behalf of the defendant. Earlier cases are cited in the McIntyre case. The ruling in State ex rel. Ambrose v. Trimble was by a divided court, but it settles, at least for the present, the question at issue on this point, for the Court of Appeals followed the last ruling of this court on the subject. It will be noted in the Ambrose case that the dissent is not directed especially

at the doctrine, but at the particular form of the instructions which are claimed to be in conflict.

The doctrine is reasonable. A jury could not be misled where the plaintiff's case and the defendant's defense are clearly placed before them. As reasoning individuals they understood, in this case, that the plaintiff, in accordance with the terms of the policy claimed damages for total loss by reason of the fire. They also understood, of course, that the defense was a violation of one term of the policy in regard to keeping gasoline. They knew likewise that plaintiff could not recover unless they found there had been no violation of the terms of the policy, and they knew they were required to find for the defendant if they found the terms of the policy had been violated. There was no conflict in the two instructions, any more than if both hypotheses had been set out in one instruction. All instructions given must be considered together. The jury understood that. All of this matter is explained in the Ambrose case. We hold, therefore, that the ruling of the Springfield Court of Appeals on that proposition was not in conflict with the latest ruling of this court.

II. It is further claimed by relator that the ruling of the Springfield Court of Appeals in approving an instruction on the measure of damages is in conflict with the rulings of this court. What the Court of Appeals said in relation to that matter is as follows:

Measure of Damages.

"It is next contended that the court erred in giving plaintiff's instruction on the measure of damage, in that it failed to follow Section 6231, Revised Statutes 1919, which pertains to the measure of damages in case of a partial loss. We cannot understand why this question should be brought into this case. The undisputed evidence is that this was a complete show car, used for the transportation of the troupe from place to place over the railroads, and that when it burned there was nothing left except the trucks and wheels. As we understand the

law this is not a partial loss, but the car was insured as a car. True it is that the wheels and the trucks might have been put under another car, to be built thereon; and so might the bricks of a building that had been burned down be put into a new building. The law, as we understand it, is that if a fire has so disintegrated a building that it can no longer be designated as a building, though parts of it remain standing, it is, nevertheless, a total loss, and not a partial loss. We see no reason why the same should not apply to a railroad car which was insured. Certainly no one could say that the wheels and trucks of a car could be designated as a railroad show car. [See Stevens v. Fire Insurance Co., 120 Mo. App. 88, 96 S. W. 684, and cases therein cited.] There was evidence tending to show that the value of the car was sufficient to justify the amount of the verdict under the terms of the policy.''

The instruction complained of is as follows:

''The court instructs the jury that if you find the issues for the plaintiff you will assess his damages at eighty per cent of the actual cash value of the property in question destroyed; not, however, exceeding the sum of three thousand dollars.''

It will be noted that the question whether the loss was total or partial was not submitted to the jury. The court in its reasoning assumes that the loss was total, although the trucks and wheels were left unharmed. We know nothing about the relative value of those parts of the car and the superstructure. Nothing was said about the contents of the car which were included in the $3,000 value insured. The opinion interprets the term ''total loss'' at it is construed in insurance on real property, and cites in support of the ruling one case from the St. Louis Court of Appeals. [Stevens v. Fire Insurance Co., 120 Mo. App. 88.] That case, however, distinguishes between the insurance upon the property that is a part of the real estate, and insurance upon personal property (l. c. 107).

The definition of the term "total loss" used in Section 6229, as applied to a building which has lost its identity and specific character as a building, has never been applied to personal property. Sections 6229 and 6230, Revised Statutes 1919, apply only to real estate as stated in the latter section. [Sharp v. Insurance Co., 164 Mo. App. l. c. 487; Millis v. Scottish Union Ins. Co., 95 Mo. App. l. c. 218.] A leading case in this court announcing the rule in relation to a total loss, where the insurance affects real property, is O'Keefe v. Insurance Co., 140 Mo. 558. In that case the matter was submitted to a jury, and it found there was a total loss, with an instruction as to what was meant by total loss. In the statement of the facts by the court it was said that the building in that case was so far destroyed that no part of the old building could be used in a new building.

Section 6231, Revised Statutes 1919, which relator claims ought to have been applied, and the question submitted to the jury, is as follows:

"Whenever there is a partial destruction or damage to property covered by insurance, it shall be the duty of the party writing the policies to pay the assured a sum of money equal to the damage done to the property, or repair the same to the extent of such damage, not exceeding the amount written in the policy, so that said property shall be in as good condition as before the fire, at the option of the insured."

Many times the courts of appeals have held that that statute is applicable in an action on an insurance policy on personal property. [Security Printing Co. v. Conn. Fire Ins. Co., 209 Mo. App. l. c. 447; Tinsley v. Aetna Insurance Co., 199 Mo. App. l. c. 708.] There is a reason why the term "total loss," used in the sections applying to real estate, does not mean exactly the same when applied to personal property. A building on real estate constitutes one indivisible whole; it is not separable into parts. Usually, insurance on personal property covers a number of articles, and single articles which are separable into parts. For instance: insurance on a bed covers the

bedstead and the bedding. A fire might destroy the bed-ding without injuring the bedstead. So it might destroy the body of an automobile and leave the chassis uninjured. The body might be detached for repairs, and while so detached destroyed by fire, while the chassis is in another place. The owner could recover only for the loss of the body. What difference would it make if the body was destroyed while on the chassis without injury to the latter?

Section 6239 applies to personal property, but notice the difference between that and Section 6229, which applies only to real estate. In insurance on real property, in case of total loss, the measure of damage shall be the amount for which the same was insured less depreciation, and *the burden of proving depreciation is upon the defendant.* In an action on a policy on personal property, while the defendant is not permitted to deny that the property insured was worth the amount for which it was insured at the time of issuing the policy, the *burden is upon the plaintiff to show the value of the property at the time it was destroyed.* [Strawbridge v. Fire Ins. Co., 193 Mo. App. 1. c. 690; Smith v. Ins. Co., 195 Mo. App. 1. c. 385.] In a case involving insurance on personal property, whether there is a total loss is always a question for the jury where the fact is disputed. The trial court and the Court of Appeals had no right to assume that the wheels and the truck were an insignificant part of the car. In fact there is nothing to show they could not be run on a railroad track for some purpose. From what was said we have no means of knowing what proportion of the value was included in the loss.

Having thus considered the authorities and stated the law in relation to a matter, it remains to be seen if there is any conflict between the ruling of the Court of Appeals and of this court. In Shoe Co. v. Assurance Co., 277 Mo. 399, 1. c. 416-420, we construed Section 7022, Revised Statutes 1909 (Sec. 6231, R. S. 1919), calling attention to conflict between that section and a term of the policy; we held that Section 6231 should apply, and an

instruction in conflict with it was improper. The total insurance on personal property, one of which policies was in suit, was $28,500; there was an attempted appraisal of the damage to the property. Two of the appraisers fixed the damage at $9,547.08, and the other one fixed it at $28,904.72. If the court in that case had concluded that the appraiser who fixed the loss at $28,904.72 was correct, he could have assumed that the loss was total as appropriately as the court could in this case. It merely shows the wide difference of opinion that may occur between parties who are interested in a loss of that kind, and between witnesses who examine it with a view to determining the amount of the loss.

The Court of Appeals in this case says nothing about any evidence relating to the *quantum* of loss or the value of the wheels and trucks, which apparently consist of the entire substructure of the car. The only evidence mentioned in that respect by the Court of Appeals is where they say "there was evidence *tending to show that the value of the car* was sufficient to justify the amount of the verdict under the terms of the policy."

For two reasons that statement shows an erroneous conclusion. First, it refers only to the "value of the car," before the fire; nothing said about the damage to it, nor to its contents. Second, the evidence only "tended to show" that value. It was a question for the jury whether or not in fact it did show it. It also might be inferred from that statement that the contents of the car were not destroyed, and in that case there was no total loss.

The court, therefore, had no right to assume that such value was shown, nor to assume that that total value was lost. In holding that the trial court did not err in failing to submit the question of partial or total loss to the jury, the Court of Appeals was in conflict with the ruling of this Court in Shoe Company v. Assurance Company, supra.

The opinion of the Springfield Court of Appeals, so far as it approved the instruction on the measure of

damages, and, the order of said court affirming the judgment of the trial court, are quashed. All concur except *Atwood, J.*, not sitting.