THE STATE EX REL. SECURITY INSURANCE COMPANY V. FRANCIS H. TRIMBLE ET AL., Judges of Kansas City Court of Appeals.—300 S. W. 812.

Division Two, October 10, 1927.

*John S. Boyer* and *Crow & Newman* for relator.

*Harris L. Jacobs, Frank Benanti* and *Julius C. Shapiro* for respondents.

DAVIS, C.—*Certiorari* on behalf of Security Insurance Company, Relator, to review the judgment of the Kansas City Court of Appeals relative to their opinions, original and on rehearing, in the case entitled Leonard Benanti v. Security Insurance Company of New Haven, Connecticut. Relator avers the opinions conflict with the last previous rulings of this court on the subject, warranting their quashal.

The history of the case develops that the Court of Appeals, on May 25, 1925, handed down an opinion affirming the judgment of the trial court, later sustaining a motion for rehearing. Subsequently, on February 1, 1926, the court again affirmed the trial court's judgment, adopting its former opinion and adding a supplemental opinion. Later a motion for a rehearing was overruled.

Relator then applied to this court for a writ of *certiorari* which was granted. Upon a hearing, this court determined that the opinions of the Kansas City Court of Appeals were in conflict with the last previous rulings of this court on the subject and quashed their record. Upon a motion for rehearing filed and sustained, the case was again submitted for our consideration.

The petition seeks to recover on a theft insurance policy, dated October 26, 1920, for the loss of plaintiff's automobile, which the policy covered to the extent of $2400. The petition comprises two counts, the first of which prays reformation for the mutual mistake of issuing the policy to Antonio Benanti instead of Leonard Benanti. The second count asks that the defendant be made to pay the loss for the theft as the policy provides.

The opinions of the Court of Appeals develop the facts that relator issued a theft insurance policy to plaintiff (under the name of Antonio Benanti, which the court reformed to read Leonard Benanti, and with respect to which no contention is made in this court), covering his automobile in the sum of $2400. On March 14, 1921, the insured car was stolen. The opinions state that one Medes, who solicited the policy of plaintiff, was defendant's agent; that plaintiff made no

representation to the company, the policy being constructed upon information which Medes personally procured and furnished defendant—relator; that relator failed to tender the return of the premiums collected on the policy until in the midst of the trial, nearly three years after the denial of liability. Relative to Instruction D, which we later quote, the court say: "It seems that the facts stated in the instruction are undisputed, the only complaint made against it being that it directs a verdict while totally ignoring the other issues in the case." A pertinent portion of the opinion on rehearing reads:

"It was pointed out•that the policy was introduced in evidence showing insurance in the amount of $2400; that the car was a 1919 model, factory number 21,177, list price $3490, and that it was purchased by assured in July, 1918, at an actual cost of $2500. Plaintiff introduced in evidence proof of loss showing the car was a 1916 model and that plaintiff paid $2200 for it, secondhand. Plaintiff testified on cross-examination on all questions contained in defendant's answer and in explanation of the transactions.

"Defendant called George D. Long, who also testified to the matters in issue relative to the alleged false representations by insured; that he was the recording ·agent of defendant at the time the policy was issued; that he issued the policy and inserted therein the information given him by Mr. Medes, who was the agent of defendant company and that he secured the business."

Instruction D is herewith quoted:

"The court instructs the jury that if you should find and believe from the evidence that on or about July 8, 1921, the defendant, Security Insurance Company of New Haven, Connecticut, advised plaintiff that his automobile had been recovered, and was at Junction City, Kansas, and that automobile would be delivered to him, if you so find, upon payment of garage charges and a reward of $100 if you so find, then you are instructed that no duty devolved upon plaintiff, if you so find, to accept said automobile or to take any steps to secure possession of the same, and that such tender, if any, is no defense to an action upon said policy. Or, you are instructed, if you further find and believe from the evidence, that defendant tendered said automobile to plaintiff here in Kansas City, and that said tender, if any, was more than sixty days after said proofs of loss, if any, if you so find, had been furnished to defendant, then such tender is no defense to an action upon said policy for the theft of said automobile and your verdict must be for the plaintiff."

The trial court read to the jury an instruction offered by plaintiff, marked "E," which may be designated the main or comprehensive instruction, and which contained the salient facts on which plaintiff's right of recovery was predicated. Epitomized, the instruction com-

178

pelled the jury to find prior to their ultimate finding for plaintiff, first, that relator executed and delivered to plaintiff the theft policy; second, that the theft of the automobile occurred; third, that plaintiff made proof of loss; fourth, that relator refused to pay the amount of the loss; and, fifth, upon a finding of the above facts, the jury were directed to return a verdict for plaintiff.

I. The Kansas City Court of Appeals, with respect to controversies over which it has jurisdiction, is a court of last resort, with power to finally determine a cause whether its judgment be right or wrong, subject only to certification, or the issuance of a writ of *certiorari* when its judgment is deemed in conflict with the last previous ruling of this court on the subject. Consequently, the Court of Appeals having acquired jurisdiction and decided the case, inasmuch as the case is here by writ of *certiorari*, we are relegated to the sole question of determining whether its judgment conflicts with the last previous ruling of this court on the subject. [State ex rel. v. Trimble, 250 S. W. 396.]

II. The right to a writ of *certiorari* to the Courts of Appeal is based on Section 6, Amendment to the Constitution, 1884, providing, "The last previous rulings of the Supreme Court on any question of law or equity shall, in all cases, be controlling authority in said Courts of Appeal," and on Section 8 reading, "The Supreme Court shall have superintending control over the Courts of Appeals by mandamus, prohibition and *certiorari*." This rule affords citizens and litigants throughout the State the equal protection of the law and maintains to the greatest extent possible uniformity and harmony in the administration of the law. (Article by GRAVES, J., in the University of Missouri Bulletin, Volume 23, Number II, Law Series 24, April, 1922.)

Bearing in mind the rule of equal protection, uniformity and harmony in the administration of the law, which is founded on logic and reason, we are not limited, with respect to the subject-matter presented, to a determination that the subject-matter does or does not conflict with a case cited and pointed to, but will determine whether the opinion conflicts with the last previous ruling of this court as to any case we may find. The original opinion expressly held that Instruction D was not misleading. If then we find any case that holds that an instruction similar in nature is misleading, and that Instruction D conflicts therewith, it is our duty to quash the record.

In the case of Stuart v. Dickinson, 290 Mo. 516, 235 S. W. 446, it was held that the giving of a misleading instruction constituted error.

In that case it was said: "The facts submitted in the last paragraph were not controverted; the direction to return a verdict for plaintiff if they were found was, therefore, tantamount to a peremptory instruction. . . . But we are unable to reach the conclusion that the jury necessarily, or even probably, understood that they were required to find for plaintiff under the first and second paragraphs of the instruction before they could find for him under the third, in the face of the plain import of the latter."

Here the record contains two instructions, but we see no difference in effect between the situations. Embodying them in one instruction would not obviate the defect. The vice would remain and we would then have the exact situation presented by Stuart v. Dickinson, supra. Without regard to the basic facts for recovery, plaintiff's Instruction D tells the jury they must find for plaintiff if they find that a tender of the automobile was made more than sixty days after proofs of loss. It may have been intended by Instruction D to convey to the jury that it was essential for them to find the facts certified in Instruction E before they could find for plaintiff, but it is apparent that Instruction D does not so require. Finding the instruction misleading, it is clear that it conflicts with the principle and basic situation developed by Stuart v. Dickinson, supra, on the subject presented.

III. Relator contends that Instruction D conflicts with Instruction E. The question arises on the record as to whether we may notice the latter instruction. The opinions do not mention Instruction E, *eo nomine,* but, in discussing Instruction D, the original opinion refers to all instructions in this wise: "There are other instructions in the case purporting to cover the entire case and still others on other issues and while Instruction D is somewhat awkwardly worded, the jury could not have been misled into believing that the issues therein submitted were the only ones, but could arrive at no other conclusion from the concluding parts of the instruction, to-wit, 'and your verdict must be for plaintiff,' than that the instruction meant that their finding must be for plaintiff as to merely the matters and things mentioned in that instruction." Inasmuch as the opinion refers to an instruction covering the entire case and to all instructions, it authorizes us, under the rule that we can only look to the opinion for evidentiary facts and documents set forth or referred to therein, to point to and consider Instruction E in determining conflict with Instruction D. [State ex rel. Kansas City v. Ellison, 220 S. W. 498; State ex rel. v. Allen, 306 Mo. 197, 267 S. W. 832.]

IV. Relator asserts that Instruction D conflicts with State ex rel. v. Ellison, 272 Mo. 571, 199 S. W. 984. Plaintiff argues that relator is in this court on no other theory, taking the position that conceding, *arguendo*, the instruction is erroneous, it is not in conflict with the ruling there found, because the instruction in that case purported to cover the whole case, and recited hypothetical facts necessary to be found before plaintiff could recover, but omitted to require an essential hypothetical fact, and that the situation relative to Instruction D is dissimilar, in that it does not purport to require the finding of a fact omitted from the instruction purporting to cover the basic facts. Plaintiff then avers the rule is controlling, found in the cases cited by him, to the effect that an instruction otherwise wanting may be harmonized and brought into perfect unison with other instructions given as to correctly advise the jury.

In State ex rel. v. Cox, 270 S. W. 113, cited by plaintiff as controlling, an instruction for plaintiff omitted an affirmative defense asserted by defendant, which defendant's instruction covered, wherein it was said the instructions were harmonized and the jury competently advised as to the issues. Cassin v. Lusk, 277 Mo. 663, 210 S. W. 902, and Sturtevant Co. v. Ford Mfg. Co., 253 S. W. 76, again cited by plaintiff, support the rule, as suggested, that instructions, directed to particular phases of the evidence or particular issues only, may be corrected or supplemented by another instruction or instructions given in the case, all of which must be considered together. It was also held, in these cases, that the instructions harmonized and by them in their entirety the jury was correctly advised. A reading of Kines v. Jamison, 277 S. W. 969, and Treadway v. United Railways Co., 282 S. W. 441, also cited, advises of the rule stated therein that even though an instruction is given for plaintiff that cannot be approved, yet the instructions must be read together, resulting that error does not appear if they harmonize and correctly advise the jury.

The above rules, relied upon by plaintiff, are sound and logical, but are inapposite to the situation developed by this record. Logically, the instructions cannot be harmonized. That they are in conflict is evident, for Instruction D directs a verdict for plaintiff upon the sole finding that defensive facts are untrue, casting aside the basic facts required by Instruction E, upon which facts plaintiff's right to recover depended, as unessential. Instruction E permits the jury to return a verdict for plaintiff on believing a certain state of facts, while Instruction D, without reference to the pivotal facts, permits such verdict on their finding that a tender was not made by defendant within a certain time. Which instruction did the jury abide? Who knows? We may speculate that they found the pivotal facts found in both instructions, but we may also speculate that they

ignored Instruction E and returned a verdict solely upon the facts embodied in Instruction D. Because Instruction D authorizes a recovery by plaintiff without binding the jury to find the basic facts necessary for recovery, a conflict with Instruction E obtains, and we see no possible way of harmonizing them. We think a conflict exists with the broad rule found in State ex rel. v. Ellison, 272 Mo. 571, 199 S. W. 984, and in Stid v. Railroad, 236 Mo. 382, 139 S. W. 172, to the effect, that repugnant or conflicting instructions constitute error.

It follows that the record and judgment of the Kansas City Court of Appeals should be quashed. It is so ordered. *Higbee* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur in Paragraphs I and II and the result.