ROYAL INDEMNITY COMPANY, RESPONDENT, v. POPLAR BLUFF TRUST
COMPANY AND S. L. CANTLEY, COMMISSIONER OF FINANCE,
APPELLANTS.*

Springfield Court of Appeals. Opinion filed September 23, 1929.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2830, p.
844, n. 66; Banks and Banking, 7CJ, section 377, p. 670, n. 43; section 415,
p. 687, n. 99; Insurance, 33CJ, section 714, p. 43, n. 42; section 863, p. 130, n.
41; Trial, 38Cyc, p. 1605, n. 69; p. 1666, n. 83; p. 1779, n. 76; p. 1787, n. 98.

*F. M. Kinder* and *Henson & Woody* for appellant.

*Oliver & Oliver* for respondent.

SMITH, J.—This suit was instituted in the circuit court of Butler county, Missouri, returnable to the October Term, 1927, and thereafter upon the application of the defendant the venue was changed to the circuit court of Wayne county, Missouri, where on the 20th day of March, 1928, the trial was started before the court and jury, and on the 21st day of March, 1928, the jury returned a verdict in favor of the plaintiff and against the defendants in the sum of $3112.50, upon which verdict the court rendered judgment, and in due time proper steps were taken and an appeal granted to this court.

The plaintiff alleged that it was a New York Corporation engaged in the business of indemnifying and insuring banks and other persons against loss against forgery, and that the Union Central Life Insurance Company is a corporation incorporated under the laws of the State of Ohio and that the Poplar Bluff Trust Company is a corporation organized under the laws of the State of Missouri.

The petition further stated that on or about the —— day of ————. 1926, in consideration of certain premiums to it paid by the Union Central Life Insurance Company it issued its policy to the Union Central Life Insurance Company for the purpose of insuring and indemnifying said company for any loss it might thereafter sustain by reason of forging the name of any payee of any check, draft, or bill of exchange, drawn by it upon any bank, in which said Union Central Life Insurance Company carried a deposit subject to check and that said insurance policy was in full force and effect on April 8, 1926, and continued to be in effect and force until the 25th day of November, 1926. The petition further stated that on or about the 8th day of April, 1926, one Harry F. Fair, a resident of Butler county, Missouri, made application to the Union Central Life Insurance Company for a loan of $3000, on his property in Butler county, Missouri; that said Harry F. Fair at that time was owing one U. S. King, who held an outstanding trust lien on the property which Fair offered as security to the Union Central Life Insurance Company. The petition further alleged that it was arranged so that the check from the Union Central Life Insurance Company should be drawn and be made payable to U. S. King instead of having it made payable directly to Harry F. Fair, so that King's lien could be satisfied and extinguished. The petition further alleged that on or about the 8th day of April, 1926, in accordance with said arrangement the Union Central Life Insurance Company drew its check on the Liberty National Bank, Kansas City, Missouri, for the sum of $3000 payable to the order of U. S. King, and that at the time of the drawing of the check the Union Central Life Insurance Company had on deposit in the Liberty National Bank, subject to the payment of

its checks, more than $3000. The petition further states that the Union Central Life Insurance Company sent said check to Hoffman and Linke, its agents in St. Louis, Missouri, and soon thereafter Hoffman and Linke sent said check to one C. F. Porter at Poplar Bluff, Missouri, for delivery to said U. S. King, payee, but that instead of delivering said check to U. S. King, he unlawfully, falsely and fraudulently forged the name of U. S. King, on the back of said check and endorsed thereon the name of "Central States Investment Company, by C. F. Porter, President," and then presented said check thus endorsed to the defendant, Poplar Bluff Trust Company, for payment; that the defendant, Poplar Bluff Trust Company, then and there without the authority from the Union Central Life Insurance Company, paid C. F. Porter the sum of $3000 and then and there endorsed and negotiated said check by writing its name on the back thereof, ordering said Liberty National Bank, Kansas City, Missouri, to pay said check to the order of the Mississippi Valley Trust Company of St. Louis, Missouri. That thereafter said check was paid to the Federal Reserve Bank through the clearing house at Kansas City, Missouri, on April, 25, 1926, and that no part of the proceeds of the said check was ever paid to U. S. King because of the forgery of the said C. F. Porter. That by reason of the forgery of the said C. F. Porter the plaintiff became liable and compelled to and did pay to the Union Central Life Insurance Company on November 24, 1926, the sum of $3000, the face of the said check, and the sum of $112.50 interest due thereon; that said payment was made while the policy of indemnity insurance was in full force and effect and was paid by reason of said forgery as aforesaid, and its undertaking to indemnify said Union Central Life Insurance Company. The petition further alleged that upon the payment of said amount the plaintiff became and was subrogated to all the rights of the Union Central Life Insurance Company against the Poplar Bluff Trust Company for the recovery of the said sum of money, and that by reason of all the premises, an action has accrued to the plaintiff against the Poplar Bluff Trust Company and the plaintiff alleged that it has sustained damages in the sum of $3112.50 with interest thereon since the 24th day of November, 1926, for which sum it prayed judgment.

The answer of the defendant, Poplar Bluff Trust Company, admitted that both plaintiff and defendant are corporations, and admitted they cashed the check described in plaintiff's petition. But it alleged as a further answer that Hoffman and Linke were agents and representatives of the Union Central Life Insurance Company, and that Hoffman Mortgage Company is a trade name used by Hoffman and Linke in the transaction of a part of the business of said

firm of Hoffman and Linke and that during all the transactions that culminated in the issuance of said check and the negotiations thereof, including the alleged forgery, C. F. Porter was the agent and representative of the Union Central Life Insurance Company in Butler county, Missouri. The answer further alleged that during the months of July and August, 1926, the Union Central Life Insurance Company acquired full knowledge of all the facts relative to the check for $3000, together with the alleged forgery in connection with the cashing thereof, and, through its agents and representatives, accepted a certain deed conveying 200 acres of valuable land in Butler county, and a deed of trust conveying 120 acres of land in said county to secure it against loss by reason of the alleged forgery; that all of said security was held by the said Union Central Life Insurance Company until the —— day of December, 1926, when the same was turned over to the plaintiff to indemnify it against loss by reason of having paid the amount of said check; that the plaintiff accepted said security and has retained the same and still continues to hold the same at the date of trial.

The answer further alleged that notwithstanding said knowledge on the part of the Union Central Life Insurance Company the defendant was given no notice whatever of the facts concerning the said checks and the alleged forgery thereof, until about the 1st day of October, 1926, and that no demand for payment thereof was made upon it until about the 2nd day of October, 1926, during all of which time the Union Central Life Insurance Company held said deed, said note and said deed of trust, and that the lands conveyed by said deed and said deed of trust at the time of said conveyances were more than sufficient in value to have paid the entire amount of said check.

Defendant further alleged that all of the transactions relating to said check and to the negotiations thereof were handled by the agents and representatives of the Union Central Life Insurance Company all of whom had full knowledge of all the facts relating to the alleged forgery of said check.

The answer further alleged that if said Union Central Life Insurance Company, its agents and representatives, had notified said defendant of said forgery as soon as knowledge thereof came to it and them, and had conveyed the lands conveyed to it, and had assigned said note and deed of trust to defendant, the defendant could and would have protected itself against loss by reason of said alleged forgery, but that there is now no opportunity to realize anything from said property and said security; that C. F. Porter, the guarantor in said deed and deed of trust is insolvent, and has been insolvent ever since the date of the notice of the alleged forgery was

given to the defendant, and that the said C. F. Porter is a non-resident of the State of Missouri; and that by reason of the acts, conduct, and omission of the Union Central Life Insurance Company, its agents and representatives, the plaintiff is, and of right should be, estopped from claiming any amount whatever from the defendant by reason of its endorsement of said check.

Plaintiff filed a motion to strike out certain parts of the defendant's answer, which motion having been overruled, the plaintiff filed its reply denying each and every allegation of fact therein contained. And for further reply denied that the Hoffman Mortgage Company is a trade name for Hoffman and Linke; denied that during the transaction culminating in the issuance and forging of the check sued upon, C. F. Porter was the agent and representative of the Union Central Life Insurance Company and alleged that during the whole of the time covered by the transaction of the issuance and forgery of said check that said C. F. Porter was the agent of the borrower, Harry F. Fair. And for further reply says that the purported deed alleged by defendant to have been sent to Hoffman and Linke by said Porter, did not contain the name of any grantee, and was void and of no effect; that the land pretended to be conveyed both in said pretended deed and in said deed of trust was at that time mortgaged for its full market value; and that the note and deed of trust alleged to have been sent to said Porter was not sent to or payable to any agent or representative of the Union Central Life Insurance Company; that Hoffman Mortgage Company was an entirely different co-partnership from that composing the firm of Hoffman and Linke; that C. F. Porter was at the time he is alleged to have sent said note and deed of trust entirely insolvent and that he immediately thereafter left his usual place of abode in Poplar Bluff for parts unknown and has not been seen nor his whereabouts known to this plaintiff nor the Union Central Life Insurance Company nor any of its agents or representatives since that day; that immediately upon learning that C. F. Porter had forged the name of U. S. King and had appropriated the funds received thereby, Hoffman and Linke attempted to locate said Porter and did make demands upon the defendant, Poplar Bluff Trust Company, for the payment of the said check and then and there offered to deliver to the said Poplar Bluff Trust Company all of said alleged securities provided it would pay said check, but said Poplar Bluff Trust Company refused to pay said check when requested and again refused when presented to it in the regular course of business.

Plaintiff denied that the defendant was not given any notice of said forgery until about the first day of October, 1926, and states the facts to be that immediately after Hoffman and Linke learned

914

of said fact that they promptly, on or about the 18th day of August, 1926, did inform the defendant of said forgery and did demand the repayment of said check and offered to turn over to the said defendant said alleged securities above named but that the defendant refused to pay said check. Plaintiff again prayed for judgment.

The facts of this case show that C. F. Porter had forged the name of U. S. King to a check for $3000 issued by the Union Central Life Insurance Company in April, 1926, and that the plaintiff had issued to the Union Central Life Insurance Company its policy of indemnity against forgery. The defendant insists that the testimony is not sufficient to show that said policy was in force and effect at the time of the forgery. We think there was sufficient testimony for the question to be submitted to the jury as to whether or not the policy had been issued and was in effect at that time, because we find that Roy Frobase testified, without objection, that the policy exhibited in the trial was issued by the Royal Indemnity Company to the Union Central Life Insurance Company on December 1, 1923, and that it was in force in April, 1926, and he testified also that the Royal Indemnity Company made payment of $3000 in settlement of the claim under the forgery.

We will have to rule this point against the defendant for it is not for the appellate court to pass on the sufficiency or the weight of the evidence. [Bertig Mercantile Co. v. Williams, 286 S. W. (Mo. App.) 150; Manley v. Wells, 292 S. W. (Mo.) 67; Hill v. Jackson, 290 S. W. (Mo. App.) 1012; King v. Mo. Pac. Ry. Co., 263 S. W. l. c. 831.]

Since we think the testimony as to the issuance of the policy of indemnity by the plaintiff, and the payment thereunder on account of the forgery, was sufficient to be submitted to the jury, and since the written assignment of the interest of the Union Central Life Insurance Company had been made to the plaintiff, we must hold that the plaintiff was properly subrogated to the rights of the Union Central Life Insurance Company. [Krug v. Bremer et al., 292 S. W. (Mo.) 702, 707; Plate Glass U. Mut. Ins. Co. v. Ridgewood Realty Co., 269 S. W. (Mo. App.) 659.

The defendant seriously insists that the defendant should not be held liable in this suit because the Union Central Life Insurance Company nor the plaintiff nor anyone connected with them, gave notice of such forgery within a reasonable time after the discovery of the forgery, and claims that the plaintiff is estopped to recover by reason of such failure of such notice within a reasonable time.

The question of whether or not the defendant had notice of the forgery was a controverted question which was submitted to the jury by the instruction given to the jury at the request of the de-

fendant. The defendant admits notice was given to it on October 1, 1926, and the record shows that Mr. Deal, a representative of the Union Central Life Insurance Company, in August, 1926, called at the bank and made inquiry about the $3000 check that C. F. Porter had cashed and told the representative of the bank that it was probably a forgery, and while it is true that he designated it as the Harry F. Fair check and not the U. S. King check, yet that was some evidence for the consideration of the jury as to notice to the defendant, especially so since the defendant had in its possession all of the bank records in connection with the transaction. The forgery occurred on or about the 19th day of April, 1926. The defendant admits that it was given notice on October 1, 1926. We have a statute (section 977, R. S. 1919), which provides that notice shall be given within one year after the forgery has been committed, and since the defendant admits receiving the notice within six months after the forgery, and some evidence was offered to show that the defendant had notice within four months after the forgery, and within a few days after the Union Central Life Insurance Company knew of it, we are compelled to hold against the defendant on the question of estoppel. The defendant cites many cases from other jurisdictions with reference to the unreasonableness of the delay in giving notice, but so far as we have been able to ascertain none of those cases are bound by a statute similar to the one enacted in this State.

The defendant insists that error was committed in giving plaintiff's Instruction A, which undertook to cover the entire case, because it omitted defendant's defense of estoppel. We think there is no merit in this contention because the defense of estoppel was submitted to the jury by an instruction given at the defendant's request. A question under very similar circumstances was passed on by the Kansas City Court of Appeals, in the case of Barber v. Missouri Boiler Works Co., 297 S. W. 124, where at page 128 the court used this language:

"It is claimed that this instruction, which covered the entire case and directed a verdict, ignored the defense pleaded in the answer that plaintiff's injury was caused by the act of a fellow servant. Whether or not this matter should have been covered in plaintiff's instruction, we need not say, for the reason that an instruction upon the question was given on behalf of the defendant, and if there was any error in the failure to include the subject in plaintiff's instruction, it was cured by the giving of defendant's instruction. [State ex rel. v. Cox, 307 Mo. 194, 270 S. W. 113; Collins v. Assur. Co. (Mo. App.), 285 S. W. 783, 784.]"

Defendant complains that Instruction B, given at the request of plaintiff is erroneous in that it singles out the evidence with reference to the note, deed of trust, and deed, executed by Porter and sent to Hoffman and Linke, comments thereon and gives the evidence undue prominence and is argumentative. The defense as alleged in the defendant's answer is that Hoffman and Linke were the agents of the Union Central Life Insurance Company, and that Hoffman Mortgage Company is a trade name used by Hoffman and Linke in the transaction of a part of the business of said firm of Hoffman and Linke, and that during all of these transactions, C. F. Porter was the agent of the Union Central Life Insurance Company, and alleged that the Hoffman Mortgage Company accepted for Hoffman and Linke the deed, the note, and deed of trust, as settlement for the amount obtained by Porter under the forgery. Instruction B calls attention to the defense alleged in defendants' answer and to the testimony as offered by the defendant, and advises the jury that although the jury may believe and find from the evidence that Porter did sign a note and deed of trust, payable to Hoffman Mortgage Company, and did sign and acknowledge a paper in the form of a deed, but without writing the name of any grantee thereon, and did mail all of said papers to E. D. Hoffman, or Hoffman Mortgage Company at St. Louis, Missouri, still such facts did not relieve the defendant from liability in this suit unless the jury should find that Hoffman and Linke, as agents of the Union Central Life Insurance Company, accepted said papers as payment or part payment, by said Porter, to said Union Central Life Insurance Company; and the instruction further told the jury that the keeping or the retaining of said papers is not conclusive proof of the acceptance of them as payment; and the jury was further instructed that if the holder of said papers made bona-fide effort to find and locate said Porter, and to return the same to him, or if they stood ready to deliver the same to the defendant upon the defendant paying the amount of said forged check, and if they so advised this defendant, then under such circumstances the defendant is not relieved from liability. We think the instruction taken with the other instructions as a whole presented the issues fairly and were not misleading, and therefore covers the case according to the defenses as pleaded.

Defendant complains that Instructions A and C, given at the request of the plaintiff are erroneous, because they authorize and direct a verdict for plaintiff without requiring the jury to find that the Union Central Life Insurance Company suffered loss by reason of forgery, and they assume that it did so suffer loss, and that they are in conflict with 1 and 2 given at the request of defendant. Instructions A and C are as follows:

## No. A.

"The court instructs the jury that under the pleadings and the evidence offered in this trial the following facts set out in paragraphs one to six both inclusive stand admitted and established.

"(1) That both plaintiff and defendant are corporations.

"(2) That the Union Central Life Insurance Company was on the 8th day of April, 1926, also a corporation and engaged in loaning money on real estate in Missouri, through its agents, Hoffman & Linke.

"(3) That one Harry F. Fair was on the 8th day of April, 1926, the owner of certain lands situated in Butler county, Missouri, subject to a mortgage lien then of record in favor of one U. S. King.

"(4) . That on or about the 8th day of April, 1926, the said Harry F. Fair made application to the Union Central Life Insurance Company for a loan of $3250, a part of the proceeds of which were to be used in taking up and satisfying the then outstanding record indebtedness on said land.

"(5) That it was mutually arranged by and between the Union Central Life Insurance Company, through its agents, Hoffman & Linke, and Harry F. Fair that the check for the loan of $3000 should be made payable to U. S. King, the record owner of the outstanding lien, instead of Harry F. Fair, the owner of said land, and that upon delivery of said check to said King, that said Fair would deliver to said Union Central Life Insurance Company, or its agents, a first mortgage lien on said land.

"(6) During all this time Hoffman & Linke were the agents of the Union Central Life Insurance Company, and as such agents had the authority to make said arrangements with said Fair as to whom said check of $3000 should be made payable.

"Now, if the jury finds and believes from the testimony in this case that on or prior to the issuing by the Union Central Life Insurance Company of its said check of $3000 to said U. S. King, this plaintiff, to-wit: The Royal Indemnity Company, had issued to the said Union Central Life Insurance Company, its policy No. 5966, by and in which it undertook to and did insure said Union Central Life Insurance Company against loss occasioned by the forgery of the name of the payee in any check issued by the Union Central Life Insurance Company, and you shall further believe from the testimony that Hoffman & Linke, agents of the Union Central Life Insurance Company, forwarded said check of $3000 to one C. F. Porter at Poplar Bluff, Missouri, for the purpose of delivering said check to U. S. King, the payee therein, but that said Porter, instead of delivering said check to the said U. S. King, unlawfully, falsely and fraudulently and without the knowledge, consent or authority of

said King, forged the name of said U. S. King on the back of said check and did then and there unlawfully write the name of U. S. King thereon and "The Central States Investment Company, by C. F. Porter, President," on the back of said check and afterwards presented said check so endorsed to the defendant, Poplar Bluff Trust Company, for payment and negotiation and that the defendant, Poplar Bluff Trust Company, without the authority of U. S. King and without the authority of the Union Central Life Insurance Company, did pay thereon to the said C. F. Porter and/or the Central States Investment Company the said sum of $3000 and that no part of the proceeds of said check was ever paid to the U. S. King, payee therein, or to Eugene Lumelius, his assignee, then and in that event, the defendant Poplar Bluff Trust Company, became, was and is liable for the full amount of the said check, unless you find that Hoffman & Linke, the agents of the Union Central Life Insurance Company, accepted said papers as payment by said Porter, to said Union Central Life Insurance Company.

"Now if you further believe from the testimony that the plaintiff herein under and by virtue of its said policy, BCA No. 5966, paid to the said Union Central Life Insurance Company on the 24th day of November, 1926, the sum of $3000, the face of said check, and $112.50 interest then due on said check, making a total of $3112.50, and that said payment was made by this plaintiff to said Union Central Life Insurance Company to indemnify it for the forgery of the name of U. S. King, the name of the payee in one of its checks, then and in that event this plaintiff became subrogated to the rights of said Union Central Life Insurance Company and is authorized under the law to prosecute this suit against defendant, Poplar Bluff Trust Company, and to collect from said Trust Company the sums it has paid out because of the act of said Poplar Bluff Trust Company in paying said forged check, and your finding should be for the plaintiff for the full sum of $3112.50, together with interest thereon at the rate of six per cent from the 24th day of November, 1926, up to this time."

No. C.

"The court instructs you that the plaintiff herein issued its policy No. BCA 5966 on the 1st day of December, 1923, to the Union Central Life Insurance Company and that under the terms of said policy the plaintiff agreed to indemnify said company against any loss that it might sustain by reason of the forging of the name of the payee in any check, for a sum less than $10,000, that might thereafter be issued by said Union Central Life Insurance Company, and if you find from the evidence that said policy was in effect during the month of April, 1926, and that the Union Central Life Insurance

Company did on the 8th day of April, 1926, issue its check on the Liberty National Bank of Kansas City, Missouri, for the sum of $3000 payable to U. S. King and that on the 19th day of April, 1926, one C. F. Porter did forge the name of U. S. King on the back of said check, that is to say, did unlawfully and without authority write the name of U. S. King on the back of said check, and did also write and stamp the name of the Central States Investment Company by C. F. Porter on the back of said check, and did then present same for payment to the Poplar Bluff Trust Company, and that said Trust Company did then and there pay to said C. F. Porter and the Central States Investment Company the sum of $3000, then you are instructed that the Poplar Bluff Trust Company paid a forged check and became liable therefor, and if you do further find that subsequently the plaintiff herein under the terms of said policy of insurance paid to the Union Central Life Insurance Company the said sum of $3000 and the interest thereon from the date of said forgery, if you find there was a forgery of the name of U. S. King, to November 24, 1926, amounting to $112.50, then and in that event the plaintiff became subrogated as a matter of law to all the rights of the Union Central Life Insurance Company and is entitled to recover from the defendant, Poplar Bluff Trust Company, the sum of $3112.50 with interest thereon from November 24, 1926, unless from the evidence and the other instructions given, you find that the defendant was relieved from its liability to plaintiff.''

Instructions 1 and 2 given at the request of defendant are as follows:

### Instruction No. 1.

''The court instructs the jury if you find and believe from the evidence in this case that during the months of July and August, 1926, the Union Central Life Insurance Company, through its agents and representatives, obtained knowledge that C. F. Porter, or any one else, had forged the name of U. S. King on the back of the check described in the evidence; that the said Union Central Life Insurance Company, its agents and representatives, failed to notify the defendant of such forgery within a reasonable time after obtaining knowledge thereof, if you find they had such knowledge, and if you further find and believe that defendant could and would have protected itself against loss by reason of its indorsement of said check if notice of said forgery had been given to it within a reasonable time by said Union Central Life Insurance Company, through its agents and representatives, and if you further find that defendant was unable after it received notice of said forgery to protect itself against loss on account of its indorsement of said check, then, and in that

event, plaintiff cannot recover and your verdict will be for defendant.''

### Instruction No. 2.

''The court instructs the jury that if the Union Central Life Insurance Company had notified defendant of the forgery of the indorsement of U. S. King on the check in question by C. F. Porter and demanded payment of the amount of said check from defendant, then you are instructed that it would have been the duty of said Union Central Life Insurance Company to have tendered to defendant all of the property and security it had received from said C. F. Porter on account of said forgery, if you find it had received any, and if you further find from the evidence that had said Union Central Life Insurance Company given notice, made said demand and tendered said property and security, the defendant could have accepted said property and security and have realized from the same the amount of said check and thereby protected itself against loss, and if you further find that said Union Central Life Insurance Company failed to notify the defendant of said forgery, failed to demand the amount of said check from defendant and failed to tender to defendant said property and security, all within a reasonable time, and if you further find from the evidence that the said Union ·Central Life Insurance Company retained said property and securities until the same became worthless, and if you further find that C. F. Porter was, and is, insolvent, then plaintiff cannot recover and your verdict will be for the defendant.''

A careful consideration of these four instructions, taken in connection with the other instructions given by the court, will show that they are not subject to the criticism offered by defendant, as they appear to be based upon the pleadings and the facts and fairly present the issues to the jury, and especially from the standpoint of the defendant.

The defendant also complains of the giving of Instruction D, which advised the jury to the effect that a deed to be valid and sufficient to pass title must have the names of the grantor and the grantee written therein and must be delivered to the grantee whose name is written therein without objection on his part, and told the jury that if it found that the purported deed signed by C. F. Porter and wife did not have written therein the name of the grantee, then such instrument did not constitute a deed and did not pass title to any one, and that the retention of such an instrument by Hoffman & Linke, or the plaintiff, does not constitute a bar to the recovery by the plaintiff.

Complaint is made to this instruction because when the defendant offered the purported deed in evidence the plaintiff objected for

the reason it is void on its face, because no grantee is named, and the court sustained the objection.

If the introduction of the purported deed was all the evidence offered in the case with reference to the deed, there might be something to the contention of the defendant, but we find that the defendant examined several witnesses with reference to the execution and delivery, as well as the retention of the deed by the plaintiff, by the Union Central Life Insurance Company, or its agents, and one of the principal defenses is that this purported deed was received and accepted by the Union Central Life Insurance Company and the plaintiff.

All the testimony with reference to the execution and acceptance of the purported deed was not excluded by the court, therefore we think it was not error to give the instruction.

Finding no reversible errors in the case we think the judgment should be affirmed. It is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.