FRANK J. JAMES and GILBERT JAMES, Respondents, v. A. M. RAY, Appellant.—264 S. W. (2) 26.

Springfield Court of Appeals. Opinion Delivered January 20, 1954.

*Harold D. Jones* and *James Haw* for appellant.

*Ward & Reeves,* and *R. W. Hawkins* for respondents.

BLAIR, J.—This is a suit for $5,000.00 for damages on account of injuries alleged to have been sustained by plaintiff Frank J. James, on August 3, 1947, in an automoblie collision with defendant, on Highway 61, near Portageville, in New Madrid County, Missouri. From the date of the occurrence of the accident, the case has sustained a most unusual career. On March 14, 1950, the regular judge of Mississippi County disqualified himself as the trial judge. A change of venue was taken from New Madrid County and the case was sent to Mississippi County, where it was tried by Honorable Norwin D. Houser, a Judge of the 27th Judicial Circuit of this State, and a jury. Plaintiff Gilbert James also filed a petition, claiming that he owned the car that was in the collision.

After the testimony was finished and Judge Houser had instructed the jury, it unanimously returned a verdict for plaintiff Gilbert James in the sum of $333.00, and nine of the jurors returned a verdict for plaintiff Frank J. James for $1,000.00. The trial judge rendered judgment in accordance with the verdicts of the jury. Defendant has appealed to this Court.

The above recited facts sometimes occur in a case before this Court; but the subsequent events are rather unusual in any case. Owing to the illness of the stenographer, the transcript on appeal was not prepared until May 15, 1952. Since then one of the defendant's attorneys has been elected as Probate Judge of Mississippi County, and contended that he is no longer a competent attorney in the case, and withdrew. One of the leading lawyers for defendant became sick and disabled and subsequently died therefrom. The case on appeal was

continued from term to term, for different reasons, until the October Session, 1953, thereof.

Before the trial, plaintiff Frank J. James filed an amended petition in five counts, and plaintiff Gilbert James also filed an amended petition. Both of such amended petitions were by entirely different attorneys. Defendant filed an answer in several counts, blaming the collision upon plaintiff Frank J. James, and praying to be dismissed as to plaintiff Gilbert James. Defendant also filed a counter claim, alleging that the collision was due to the fault of plaintiff Frank J. James, and demanded damages for the injuries he claims to have received from the collision with plaintiff Frank J. James.

The trial started and plaintiff Frank J. James witnesses claimed that he was on the east side and that he had stopped for a short time at a filling station to correct poor lights on his automobile, and that he was driving over on the east side of Highway 61 when defendant was driving on the west side. The testimony tended to show that defendant was going south on the west side of Highway 61 and swerved to the east side of the Highway and ran into the automobile operated by plaintiff Frank J. James.

The testimony of defendant tended to show that plaintiff Frank J. James was drinking while operating his car. Plaintiff Frank J. James' testimony tended to show that defendant was going south on the west side of the Highway and swerved to the east side of the Highway, where plaintiff Frank J. James was at the time.

The testimony of defendant tended to show that plaintiff Frank J. James was drinking, but he operated his car whether drinking or sober, and was in the proper place at the time. There was only one light in the front of plaintiff Frank J. James' automobile. Defendant's testimony tended to show that at no time did plaintiff deny that. The center line in the middle of the Highway was on the left side of plaintiff.

Plaintiff Frank J. James, claimed that the collision knocked him down on the pavement, inflicting a cut on his forehead, and other injuries, which laid him up unconscious in the hospital for over twelve hours. The accident happened shortly after midnight and plaintiff Frank J. James was not discharged from the hospital until about 5:00 o'clock in the afternoon. Both plaintiff Frank J. James and defendant testified to severe injuries. The jury evidently believed such plaintiff and his witnesses.

But for the misconduct of defendant in driving to the east side of the Highway, the collision would not have happened, regardless of whether or not plaintiff Frank J. James was intoxicated. Section 304.010, R. S. Mo. 1949. The statute cited shows that, if the jury believed the witnesses of plaintiff Frank J. James, which the jury had the right to do, the blame was on the part of defendant, and not on the part of plaintiff Frank J. James.

The Highway patrolman who arrived on the scene only a few minutes after the collision occurred, corroborated plaintiff Frank J. James, especially as to the position of his car. The jury had the right to think that such plaintiff was on the east side of the Highway going north, and to disbelieve defendant's story that such plaintiff was over the middle line of the Highway, and collided with defendant on the west side of the Highway. According to the statute cited and according to the general law, defendant was believed to have been grossly negligent. If plaintiff Frank J. James was on the east side of the Highway, as the jury found, defendant had no right to swerve his automobile over to the east side. Even if there was only one poor light on plaintiff's car and even if plaintiff Frank J. James was intoxicated, defendant had no right to drive his automobile over to that side of the Highway, without ascertaining in advance that such side was not occupied.

Defendant cites Blackwell v. Union Pacific Ry. Co., 53 S. W. (2d) 814, 334 Mo. 34, but after a diligent search we found the case in 52 S. W. (2d) 814, and it does not touch this case at all. The judgment in that case was reversed for error in the instructions given to the jury.

Defendant also has cited Mosely v. Sum, et al., 130 S. W. (2d) 465, 344 Mo. 969. That case simply holds that, when plaintiff's injuries are shown to have been the result of his contributory negligence, he cannot recover at all.

Appellant cites Section 564.440, R. S. Mo. 1949. This section is very short and we quote it in full.

"No person shall operate a motor vehicle while in an intoxicated condition, or when under the influence of drugs."

That section was evidently intended to prevent people intoxicated from operating a car at all. We cannot imagine how the section quoted could afford any protection if the defendant deliberately ran over and injured Frank J. James, even if said James was intoxicated. Even intoxicated persons are entitled to the exercise of the highest degree of care by others using the same highway.

Appellant criticizes Instruction 1. There might be some objection, if it stood alone. Any possible complaint about that instruction is removed by Instruction 9. In the latter instruction the trial judge plainly told the jury that both plaintiff Frank J. James and defendant must have been free of any negligence before such party could recover. In finding for such plaintiff the jury must not have found that the collision was the result of contributory negligence of plaintiff Frank J. James. All of the instructions must be read together. State ex rel. v. Cox, 270 S. W. 113.

The objection to the second instruction is certainly cured by the first instruction, which required the jury to find that the injuries

to plaintiff Frank J. James were caused by the negligence of defendant.

In the third point, defendant says that the trial court erred in not directing a verdict against plaintiff Gilbert James, because that plaintiff did not show that he had a certificate of title to his car. Appellant never raised the point of ownership of the automobile in the trial. In his answer to the petition of plaintiff Gilbert James, appellant at all times treated such plaintiff as the owner of the automobile.

While the verdict for plaintiff Gilbert James was for $333.00, and such plaintiff, on his direct examination, testified to a smaller value after the collision, the trial court permitted witness Gilbert Tribble to testify that the car was of the value of from $300.00 to $500.00 at that time.

It is too late now to charge the trial court with error in admitting that evidence, as defendant has done in Point IV. The transcript does not support appellant's present contention.

Appellant filed a motion to strike out the testimony of witness Gilbert Tribble. That motion was overruled and the record does not show any exception to such ruling.

The verdicts, with resulting judgments for both respondents, should be approved.

It is so ordered.

*McDowell, P. J.,* concurs.